**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ruben W. ESPINOZA,**
**Defendant–Appellant.**

No. 86–5565.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 4, 1988.[*]

Decided March 9, 1988.

As Amended on Denial of Rehearing and
Rehearing En Banc
Jan. 30, 1989.

---

[*] This appeal was submitted without oral argu- ment pursuant to motion of the appellant.

Ruben W. Espinoza, San Pedro, Cal., Frank Di Sabatino, Van Nuys, Cal., for defendant-appellant.

Brian J. Hennigan, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CANBY and CHARLES WIGGINS, Circuit Judges, and LOVELL,** District Judge.

LOVELL, District Judge:

Ruben Espinoza, a federal prisoner, appeals the denial of his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

## FACTS

On December 18, 1981, appellant was arrested for bank robbery and a federal detainer was lodged against him. At the time of his arrest, appellant was on outpatient release status from the California Rehabilitation Center and had another state charge pending against him. The state charge resulted in the issuance of an additional warrant for his arrest for violating the conditions of his release from the Rehabilitation Center. The state proceedings against appellant were concluded when he was sentenced on the release violation on April 2, 1982.

Appellant was indicted by a federal grand jury on July 8, 1982, for 15 counts of bank robbery. The indictment charged the commission of 15 separate robberies between November 23, 1981, and December 18, 1981. On October 5, 1982, pursuant to

** Honorable Charles C. Lovell, United States District Judge, District of Montana, sitting by designation.

a plea agreement with the United States, appellant entered pleas of guilty to five counts of the indictment, and the remaining counts were dismissed. Appellant received concurrent ten year sentences on each of the five counts for which he was convicted. Appellant thereafter filed his § 2255 petition, which was denied without an evidentiary hearing.

Three issues are raised on appeal:

1. Should appellant's plea of guilty be set aside on the ground that it was induced by his attorney's promise that he would receive a specific sentence?

2. Did appellant's counsel render ineffective assistance by failing to assert the government's violation of the Interstate Agreement on Detainers Act?

3. Is appellant entitled to credit for time served since the date the federal detainer was lodged?

## JURISDICTION AND STANDARD OF REVIEW

This court has jurisdiction by virtue of 28 U.S.C. §§ 2255 and 1291. Denial of a defendant's § 2255 petition is reviewed de novo. *Walker v. United States*, 816 F.2d 1313, 1316 (9th Cir.1987). A district court may not deny a § 2255 motion without a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir.1985).

## DISCUSSION

1. *Involuntariness of plea*

█ Appellant claims that he was induced into pleading guilty by his attorney's promises that she had arranged for him to receive a "split" sentence of five years' incarceration and five years' probation.

Both parties agree that the district court questioned appellant, in accordance with

Fed.R.Crim.P. 11(d), whether his plea was the result of any promises or threats, and that appellant replied in the negative. Appellant argues, however, that it was his understanding that the sentence agreement had to be made off the record.

Although " '[s]olemn declarations in open court carry a strong presumption of verity,' " *United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 107, 98 L.Ed.2d 66 (1987), (citations omitted) this court has held on several occasions that when a prisoner's allegations of a coerced plea are based on alleged occurrences entirely outside the record, an evidentiary hearing is required. *Mayes v. Pickett*, 537 F.2d 1080, 1083 (9th Cir.1976), *cert. denied,* 431 U.S. 924, 97 S.Ct. 2198, 53 L.Ed.2d 238 (1977); *Jones v. United States*, 384 F.2d 916, 917 (9th Cir. 1967); *Marrow*, 772 F.2d at 527. "[W]ith great reluctance," this court held in *Mayes* that even an exemplary Rule 11 record was inadequate to determine the appellant's claims of involuntariness where he asserted that his attorney made promises regarding his sentence. *Mayes*, 537 F.2d at 1084.

*Mayes* was followed nearly a decade later in *Marrow*, 772 F.2d at 527, in which this court remanded the case for an evidentiary hearing to determine whether the appellant's plea was coerced by threats. Again, the court relied on the fact that the allegations involved matters outside the record of the case, and thus concluded that a hearing was required under § 2255. *Id. See also, Iaea v. Sunn*, 800 F.2d 861, 866–68 (9th Cir.1986) (§ 2254 case remanded for evidentiary hearing on allegations of plea coercion).[1]

Without citing *Mayes*, this court recently held that an evidentiary hearing to receive testimony from the petitioner was not required where the issue of credibility could be "conclusively decided on the basis of documentary testimony and evidence in the record." *Watts v. United States*, 841 F.2d 275, 277 (9th Cir.1988). Given the extensive record before the district judge, including inconsistent filings submitted by the

---

**1.** Although a different result was reached in *Farrow v. United States*, 580 F.2d 1339 (9th Cir.1978) (*en banc*), the court did not address *Mayes* and seemingly limited its ruling to the

facts of the case. While silent on the effect of prior authority, *Farrow* did not overrule *Mayes* and does not control the result here.

petitioner, the court concluded that the records in the case showed conclusively that petitioner was not entitled to relief, and that the § 2255 motion could be denied without hearing. *Id.* at 278.

*Watts* and the cases cited therein evidence an exception to the *Mayes* rule, obviating the need for an evidentiary hearing where the record is sufficiently developed. The record before the district court in this case was considerably more limited, and we cannot conclude that issues of credibility conclusively may be determined on the existing record. However, the district court may expand the record with other documentary evidence prior to determining the need for an evidentiary hearing. *See* Rule 7 of the Rules Governing Section 2255 Proceedings in the United States District Courts.

### 2. *Ineffective assistance of counsel*

■ Appellant claims that his attorney rendered ineffective assistance by failing to raise the government's violation of the Interstate Agreement on Detainers Act (IAD), 18 U.S.C. App. III. To succeed on this claim, appellant must show that counsel's representation "fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 2064–2065, 2068, 80 L.Ed.2d 674 (1984); *Marrow,* 772 F.2d at 527.

Article III of the IAD contains its speedy trial provisions and sets forth several prerequisites that must be met by the prisoner to invoke those provisions. It provides in pertinent part that the prisoner

> shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint: .... The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term

of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the State parole agency relating to the prisoner.

18 U.S.C. App. III, Art. III(a).

The written notice and request for disposition are to be given by the prisoner to the warden, commissioner of corrections or other official having custody of him, who prepares the certificate and forwards the documents to the appropriate prosecuting official and court by registered or certified mail. 18 U.S.C. App. III, Art. III(b).

When alleging a violation of the IAD, the prisoner bears the burden of establishing that the required notice was given. *United States v. Moline,* 833 F.2d 190, 192 (9th Cir.1987). The IAD's " 'formal requirements must be met before the timely trial provisions will be invoked.' " *Johnson v. Stagner,* 781 F.2d 758, 761 (9th Cir.1986) (quoting *Tinghitella v. California,* 718 F.2d 308, 312 (9th Cir.1983) (per curiam)). This court has held that "a complete failure to comply with an essential requirement of the Act" defeats the appellant's claim that the 180–day time limit was violated. *Moline,* 833 F.2d at 192.

Here, even taking appellant's version of the facts as true, he did not comply with the IAD's formal requirements. He failed to send notice to the court, he failed to forward a certificate of inmate status either to the court or to the prosecutor, and he failed to channel his request through prison officials. Therefore, the 180–day clock did not begin to run and there was no violation of the Act. *See Johnson,* 781 F.2d at 762. Consequently, his attorney's failure to raise such violation as a defense did not constitute ineffective assistance of counsel.

### 3. *Credit for time served*

Appellant argues that the Bureau of Prisons has failed to grant him proper credit for the time he served between his arrest in December, 1981, and his sentencing in federal court in October, 1982.

A claim under 18 U.S.C. § 3568 for credit against a federal sentence for time spent in custody prior to sentencing cannot be raised under 28 U.S.C. § 2255. *United States v. Giddings*, 740 F.2d 770, 771 (9th Cir.1984). Such a claim challenges the Attorney General's execution of sentence rather than the district court's imposition; a § 2255 petition can test only the propriety of the sentence imposed, not the manner of execution. *Id.* at 771. *See also Shabazz v. Carroll*, 833 F.2d 149 (9th Cir.1987) (court is without jurisdiction to give appellant credit against federal sentence for time served in state prison). Accordingly, the court will not consider this contention.

The district court's denial of appellant's § 2255 petition is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.