892 F.2d 1045
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary GODLESKE, Petitioner-Appellant,
v.
STATE of OREGON and Manfred Maass, Superintendent, Oregon
State Penitentiary, Respondents-Appellees.
 No. 89-35010.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1989*.
Decided Dec. 14, 1989.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Godleske appeals the district court's grant of the State of Oregon's motion for summary judgment in his habeas corpus action. We review the denial of a petition for habeas corpus de noveo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). In accordance with 28 U.S.C. § 2254(d), we presume that the state court's written factual findings are correct, when, as here, the hearing was full, fair, and adequate, and the record supports the findings. Brooks v. Kincheloe, 848 F.2d 940, 943 (9th Cir.1988).
 
 
 3
 Godleske's first contention is that the evidence against him was insufficient to show beyond a reasonable doubt that he possessed the requisite criminal intent to commit the crimes for which he was convicted. Viewing the evidence in the light most favorable to the prosecution, however, it is clear that a rational factfinder could have found the elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); United States v. Free, 841 F.2d 321, 325 (9th Cir.), cert. denied, --- U.S. ----, 108 S.Ct. 2042 (1988). It was uncontroverted that appellant committed the acts. A rational factfinder could have found the government's psychiatric expert, who testified that Godleske was not suffering from a mental disease or defect or an extreme emotional disturbance at the time of the charged offenses and that Godleske formed the requisite criminal intent, more credible than Godleske's experts.
 
 
 4
 Godleske also contends that he was deprived of effective assistance of counsel. Godleske fails to prove, however, either that his counsels' representation "fell below an objective standard of reasonableness," or that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); United States v. Espinoza, 866 F.2d 1067, 1070 (9th Cir.1989). First, the evidence establishes that Godleske's attorneys fully discussed their handling of the case with Godleske and that their decisions, which he now criticizes, constituted reasonable trial strategy under the circumstances. Second, it is highly unlikely that any of counsel's alleged errors would have altered the outcome of the trial. The evidence against Godleske was overwhelming. The only important issue to be resolved at trial was whether Godleske acted with a culpable mental state, and the judge found the government's psychiatric expert more credible than those presented by the defense.
 
 
 5
 Because appellant has failed to prove either of his claims, the district court's dismissal of his petition is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3