958 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Paul TABARES, Defendant-Appellant.
 No. 91-15467.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992.*
Decided March 18, 1992.
As Corrected March 23, 1992.
 
 Before JAMES R. BROWNING, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Paul Tabares appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. He was convicted by guilty plea for one count of unarmed bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2113(a) and 2, and sentenced to 10 years imprisonment, consecutive to another federal sentence. He contends that (1) the indictment was defective; (2) the district court violated the plea agreement by failing to follow the government's sentencing recommendation; and (3) he received ineffective assistance of counsel. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Donagiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991), and affirm.
 
 
 3
 In his section 2255 motion, Tabaras claimed that the indictment was defective because:
 
 
 4
 (a) two [ ] counts ... were dropped in the Central District, i.e. as part of a plea agreement, which included all other federal charges be dismissed; (b) petitioner was in the V.A. hospital at the time of one charged offense; And (c) the petitioner was never afforded the opportunity to review the indictment, nor given a copy.
 
 
 5
 He also claimed that his attorney did not provide effective assistance because he "failed to (a) properly investigate and challenge the (defects) in the indictment, i.e. duplicity of charges, petitioner[']s non-involvement[,] petitioner[']s prior indictment and plea-agreement; [and] (b) prepare any defence." Tabares further claimed that he was not advised of the full consequences of his guilty plea because he did not understand that even though the plea agreement required the government to recommend that the sentence run concurrently with the other federal sentence, the district court was not obligated to follow that recommendation. He did not, however, otherwise challenge the validity of his plea.
 
 
 6
 To establish ineffective assistance of counsel, a defendant must establish that his attorney's performance was deficient and that the deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." Id. at 689. If the defendant challenges his attorney's performance in plea proceedings, he must show that counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys, and that but for counsel's advice, he would not have pleaded guilty. Hill v. Lockhart, 474 U.S. 52, 58 (1985); Donagiere, 914 F.2d at 168. For a guilty plea to be valid, the defendant must understand the possible punishment that he faces. Fed.R.Crim.P. 11(c)(1); Brady v. United States, 397 U.S. 742, 749 (1970). Statements made in open court at the time of a plea are entitled to great weight. United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir.1988).
 
 
 7
 A defendant who enters a voluntary and intelligent plea upon advice of competent counsel may not collaterally attack the validity of the plea based on alleged defects in the indictment. United States v. Mathews, 833 F.2d 161, 163-64 (9th Cir.1987). Moreover, a guilty plea conclusively establishes all factual allegations of the indictment. Id. Accordingly, a defendant whose guilty plea was valid cannot claim that his attorney's performance was deficient because the attorney did not challenge the indictment or develop a defense. See Strickland, 466 U.S. at 687.
 
 
 8
 Here, at the plea hearing, the district court asked Tabares whether he understood that the maximum penalty for his crime was a $250,000 fine and 20 years imprisonment. The district court also asked him whether he understood that the district court alone would "make up [its] mind" as to the sentence and that "the recommendation of the United States Attorney or the--your attorney is not binding upon the Court?" To each of these three questions, Tabares answered, "Yes, I do." Accordingly, the record shows that he understood the sentencing consequences of his plea. See Espinoza, 866 F.2d at 1069. He therefore cannot show that but for counsel's advice as to these consequences, he would not have pleaded guilty. See Hill, 474 U.S. at 58; Donagiere, 914 F.2d at 168. Moreover, because his plea was valid, he cannot claim that the indictment was defective or that his attorney was ineffective because he failed to challenge the indictment or prepare a defense. See Mathews, 833 F.2d at 163-64.
 
 
 9
 Tabares also claimed in his section 2255 motion that the district court violated the plea agreement by failing to follow the government's sentencing recommendation. He further claimed that his attorney was ineffective because he failed to "[c]hallenge 'non-compliance' with the 'plea-agreement' terms." In considering whether the terms of a plea agreement were breached, we look to what the defendant reasonably understood when he entered his plea. United States v. Pomazi, 851 F.2d 244, 250 (9th Cir.1988).
 
 
 10
 Here, the plea agreement stated: "[d]efendant understands that the count to which he is pleading guilty carries a maximum penalty of 20 years imprisonment and/or a maximum fine of $250,000 and a mandatory penalty assessment of $50." The plea agreement also stated: [i]t is understood by the parties that the sentencing judge is neither a party to nor bound by this agreement and is free to impose the maximum penalties as set forth [above]" but that "the Government agrees to recommend that defendant be committed to the custody of the Attorney General or his authorized representative for imprisonment for a term of 10 years and that this sentence be concurrent to the sentence he received for bank robbery in the Central District of California." At the sentencing hearing, the government recommended a ten-year, concurrent sentence, but the district court imposed a consecutive sentence.
 
 
 11
 The only reasonable understanding of the plea agreement is that the district court had no obligation to follow the government's sentencing recommendation. See Pomazi, 851 F.2d at 250. Accordingly, the district court did not err by dismissing Tabaras's claims regarding breach of the plea agreement.
 
 
 12
 Tabares also claimed that his attorney provided ineffective assistance at sentencing because he did not effectively challenge the use of Tabares's prior convictions and in general did not obtain and present mitigating evidence. In fact, at the sentencing hearing his attorney argued that a letter by Tabares and his medal of bravery award should mitigate the sentence. The attorney also argued that the prior convictions were related to Tabares's heroin addiction. Accordingly, Tabares did not establish that his attorney's performance at sentencing was deficient. See Strickland, 466 U.S. at 687.
 
 
 13
 Finally, Tabares claimed that his attorney was ineffective because he failed to "file an 'Appeal/Rule 35 Motion' as promised." Failure to seek post-conviction relief is not ineffective assistance unless the defendant establishes prejudice. United States v. Popoola, 881 F.2d 811, 813 (9th Cir.1989). Here, Tabares filed a pro se Fed.R.Crim.P. 35 motion. In his section 2255 motion, he claimed that he did not have the legal knowledge effectively to seek post-conviction relief. He did not, however, explain what relief his attorney could have obtained. Moreover, as discussed above, all of Tabares's other claims of error lack merit. Accordingly, the district court did not err by dismissing this final claim. See id.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unamimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3