959 F.2d 243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marlondo Ansara TONEY, Defendant-Appellant.
 No. 91-35492.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided March 30, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marlondo Ansara Toney, a federal prisoner, appeals pro se the district court's denial without an evidentiary hearing of his 28 U.S.C. § 2255 motion. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Toney twice pleaded guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and use of a firearm to facilitate a drug trafficking crime, in violation of 18 U.S.C. § 924(c). He was sentenced to consecutive terms of 262 months imprisonment on the cocaine distribution count and 5 years imprisonment on the firearm count, and concurrent terms of supervised release. Toney contends that (1) his second plea was not knowing and intelligent because the district court did not inform him that he would be sentenced as a career offender under the United States Sentencing Guidelines, and (2) he received ineffective assistance of counsel as to the second plea because his attorney told him he would receive a 10-year sentence.
 
 
 4
 We review de novo the denial of a section 2255 motion, and we review for an abuse of discretion the district court's decision not to hold an evidentiary hearing. Donagiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991). The district court may deny a section 2255 motion without an evidentiary hearing if "the motions and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (per curiam).
 
 
 5
 To establish ineffective assistance of counsel in plea proceedings, the movant must show that counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys, and that but for counsel's advice, he would not have pleaded guilty. Hill v. Lockhart, 474 U.S. 52, 58 (1985); Donagiere, 914 F.2d at 168. To comport with due process, a guilty plea must be voluntary and intelligent; accordingly, the defendant must be aware of the possible punishment he faces. Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). Specifically, the defendant must understand "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including ... the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances...." Fed.R.Crim.P. 11(c)(1). There is no requirement, however, that before entering a plea the defendant be informed of the applicable offense level and criminal history category under the Sentencing Guidelines, nor of the possibility that he could be sentenced as a career offender under the guidelines. United States v. Selfa, 918 F.2d 749, 752 (9th Cir.), cert. denied, 111 S.Ct. 521 (1990); United States v. Turner, 881 F.2d 684, 687 (9th Cir.), cert. denied, 493 U.S. 871 (1989). Statements made in open court at the time of a plea are entitled to great weight. United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir.1988).
 
 
 6
 When Toney entered his first guilty plea, this court had held the Sentencing Guidelines unconstitutional. See Gubienso-Ortiz v. Kanahele, 857 F.2d 1245 (9th Cir.1988), vacated, United States v. Chavez-Sanchez, 488 U.S. 1036 (1989). The next day, the Supreme Court upheld the constitutionality of the guidelines. See Mistretta v. United States, 488 U.S. 361 (1989). The district court therefore permitted Toney to withdraw his plea. He later entered a second guilty plea.
 
 
 7
 At the second plea hearing, the district court informed Toney that (1) the maximum prison term was 40 years for the distribution count and another 5 years for the firearm count; (2) the minimum prison term was 5 years for each count, or a total of 10 years; (3) he would be sentenced under the Sentencing Guidelines; and (4) if it was established before sentencing or at the time of sentencing that he was in fact a career offender, there could be a substantial increase in the guideline range for his sentence. Toney stated that he understood these sentencing matters and had discussed them with his attorney. In addition, when the district court asked, "Has anyone made any promises other than the promises or statements made in the plea agreement, the written plea agreement?" Toney answered, "No." The plea agreement made no promises regarding the sentence.
 
 
 8
 By informing Toney that he might be sentenced as a career offender, the district court did more than was required. See Selfa, 918 F.2d at 752; Turner, 881 F.2d at 687. The district court therefore did not err by denying Toney's claim that his second guilty plea was not knowing and intelligent. Moreover, Toney's statement in open court that his attorney had not made any promise as to the sentence is entitled to great weight. See Espinoza, 866 F.2d at 1069. Accordingly, the district court did not err by finding that Toney had not established that but for a promise by counsel, he would not have pleaded guilty. See Hill, 474 U.S. at 58; Donagiere, 914 F.2d at 168. We therefore affirm the denial of Toney's section 2255 motion. See Burrows, 872 F.2d at 917.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We therefore deny Toney's motion for telephonic oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3