974 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ruben W. ESPINOZA, Petitioner-Appellant,
v.
Wayne SEIFERT, Respondent-Appellee.
 No. 91-55593.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 21, 1992.*
Decided Sept. 10, 1992.
 
 Before TANG and CYNTHIA HOLCOMB HALL, Circuit Judges, and SHUBB**, District Judge.
 MEMORANDUM***
 Appellant Ruben W. Espinoza, who is serving a ten year sentence on five counts of bank robbery in violation of 18 U.S.C. § 2113(a), appeals the district court's second denial of his application for relief under 28 U.S.C. § 2255 as well as its denial of his petition for a writ of habeas corpus, under 28 U.S.C. § 2241, from the section 2255 adjudication. The district court had jurisdiction under 28 U.S.C. §§ 2241 and 2255 and this court also has jurisdiction under these statutes and 28 U.S.C. § 1291. We affirm.
 * Espinoza's current counsel, E. Thomas Chavez, filed an Anders brief on his client's behalf yet chose not to withdraw as counsel. Under Anders v. California, 386 U.S. 738 (1967), an attorney cannot abdicate his role as an advocate and still remain counsel. See id. at 744; see also 3 Wayne R. LaFave and Jerold H. Israel, Criminal Procedure § 26.1 (1984). Therefore we sua sponte release Mr. Chavez from his obligation to represent Espinoza.
 II
 Espinoza raises several issues on appeal, some of which are part of his original section 2255 motion and some of which are claims raised for the first time in his habeas corpus petition challenging the section 2255 review of his sentence. We first address the appeal from the denial of his section 2255 motion.
 * Upon review of Espinoza's first appeal from the district court's denial of his section 2255 motion, this court remanded for an evidentiary hearing on the sole issue of whether Espinoza was coerced by his counsel into accepting a guilty plea. See United States v. Espinoza, 866 F.2d 1067 (9th Cir.1988). Espinoza's claim that his plea was involuntary is based on his assertion that his federal public defender, Randy Sue Pollock, promised him that if he pleaded guilty, he would receive a "split sentence" of five years imprisonment followed by five years probation. At the hearing, Espinoza offered no documentation of such a promise, so the hearing turned on the credibility of each party's witnesses. We defer to a district court's determination of witness credibility. Anderson v. Bessemer City, 470 U.S. 564, 574-75 (1984).
 Upon review of the record, we find no clear error in the district court's determination that Espinoza's plea was voluntary. Pollock testified that when she informed Espinoza of the government's offer to drop ten counts of bank robbery if he pleaded guilty to five, she explained to him that he could receive ten years in prison. She told him that she would argue for a split sentence, but that the ultimate determination of his sentence was up to the court. She testified that she made no promises to Espinoza that he would receive a particular sentence. [Transcript of March 25, 1991 Evidentiary Hearing at 10-13]. At the second phase of the hearing, held a month later, Espinoza, his mother and his former wife testified that they were present when Pollock promised Espinoza that he would receive a split sentence. The court obviously credited Pollock's testimony and we cannot conclude that it was clear error for it to do so.
 B
 Espinoza also claims that he received ineffective assistance of counsel from his federal public defender at the trial level. This claim has already been presented to and rejected by this court. See United States v. Espinoza, 866 F.2d 1067, 1070 (9th Cir.1988). It is therefore successive under 28 U.S.C. § 2255 Rule 9(b). See Sanders v. United States, 373 U.S. 1, 15-19 (1963) Where the ground for the section 2255 motion is successive, it may properly be denied unless the petitioner demonstrates that the ends of justice would be served by permitting the redetermination of the ground. Id.; see also Campbell v. Blodgett, No. 89-35210, slip op. 3269, 3293, 1992 WL 61523 (9th Cir. April 1, 1992). Espinoza provides no reason why justice would be served by a redetermination of this issue. We therefore dismiss this claim.
 
 C
 
 1
 Espinoza also argues that he received ineffective assistance of counsel throughout the section 2255 process. From 1983, the time he first filed his appeal, to the present, Espinoza has had five different attorneys who have represented him with varying degrees of vigor and zeal. While some of this representation may have indeed been less than adequate, Espinoza's argument cannot stand because prisoners do not have a constitutional right to counsel when mounting collateral attacks upon their convictions. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). Where a prisoner has no right to counsel, he cannot allege ineffectiveness of counsel. Id.
 
 D
 
 2
 Finally, Espinoza alleges that his right to due process was violated because the district court judge demonstrated overt prejudice and bias against him during the course of the evidentiary hearing. Espinoza's litany of the trial judge's wrongdoing includes: failure to remain neutral during trial; misconstruing the record; ruling incorrectly from the bench on various evidentiary matters; and erroneously adopting the government's position that Espinoza's section 2255 motion was without merit.
 
 
 3
 Before a verdict will be overturned because of judicial misconduct, "it must appear that the conduct measured by the facts of the case presented together with the result of the trial, was clearly prejudicial to the rights of the party." United States v. Bennett, 702 F.2d 833, 836 (9th Cir.1983) (quoting United States v. Eldred, 588 F.2d 746, 750 (9th Cir.1978)). Upon review of the record of the evidentiary hearing, we conclude there is nothing to suggest that the trial judge conducted himself in a way that was clearly prejudicial to the presentation of Espinoza's defense.
 
 III
 
 4
 Finally, we address Espinoza's habeas corpus petition, which raises only one claim--that the eight year delay in resolving his section 2255 motion violated his right to due process. In evaluating appellate delay we look to (1) the length of delay, (2) the reason for delay, (3) the defendant's assertion of his right and (4) the prejudice to the defendant. United States v. Antoine, 906 F.2d 1379, 1382 (9th Cir.1990); see also United States v. Tucker, No. 87-5090, slip op. 5791, 5796-97 (9th Cir. May 20, 1992); Coe v. Thurman, 922 F.2d 528, 530 (9th Cir.1990).
 
 
 5
 The first three factors weigh in Espinoza's favor. First, it has been almost nine years since Espinoza first filed his section 2255 motion. Second, it appears that the delay was not Espinoza's fault, but rather was attributable to the appointment of five successive attorneys to represent him in connection with his motion. Third, Espinoza has consistently filed timely appeals and diligently asserted his right to appeal.
 
 
 6
 The fourth and final factor of prejudice, however, weighs against Espinoza's claim. To determine prejudice we evaluate three elements: 1) oppressive incarceration pending appeal; 2) anxiety and concern of the convicted party awaiting the outcome of the appeal; 3) impairment of the convicted party's grounds for appeal or of the viability of his defense in case of retrial. Antoine, 922 F.2d at 532.
 
 
 7
 The record reveals that Espinoza's defense at the evidentiary hearing was not impaired by the delay in the appellate process. At the hearing, Randy Sue Pollock testified that she had specific recollection of Espinoza's case and that she never offered him a split sentence of five years in prison and five years probation. (Transcript of March 25, 1991 Evidentiary Hearing at 10-13). While she did not recall specific meetings, Pollock demonstrated an adequate recollection of events surrounding Espinoza's sentencing, vitiating his claim that "faded memories" resulted in a denial of a fair trial.
 
 
 8
 Second, the anxiety and concern that Espinoza has displayed while awaiting the outcome of this, his second appeal, is no different from that experienced by any other prisoner awaiting the outcome of his case. Third and finally, because the outcome of the evidentiary hearing confirmed that Espinoza's plea was not involuntary, Espinoza's incarceration was and is not oppressive.
 
 
 9
 Though three of the Antoine factors weigh in Espinoza's favor, his inability to demonstrate prejudice leads us to conclude that the delay to which he has been subject does not rise to the level of a due process violation.
 
 
 10
 The district court's denial of Espinoza's section 2255 motion and his petition for habeas corpus are AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable William B. Shubb, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3