979 F.2d 855
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward Joseph PROKOP, Petitioner/Appellant,
v.
Daniel B. VASQUEZ, Warden, et al., Respondents/Appellees.
 No. 91-55968.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1992.*
Decided Nov. 19, 1992.
 
 Before JAMES R. BROWNING and FARRIS, Circuit Judges, and GEORGE,*** District Judge.
 Petitioner-Appellant, Edward J. Prokop, filed a petition for writ of habeas corpus challenging his conviction and sentence for first degree murder. The district court denied the petition. Prokop appeals. We review the district court's denial of a habeas corpus petition de novo. Chatman v. Marquez, 754 F.2d 1531, 1533-34, (9th Cir.), cert. denied, 474 U.S. 841, 106 S.Ct. 124, 88 L.Ed.2d 101 (1985). We affirm.
 1. Facts
 In 1981 an information filed in the San Luis Obispo County Municipal Court charged Edward Joseph Prokop with first degree murder. Prokop was arrested shortly thereafter in Arizona and brought to California to face the charges. Attorney Richard Rabbin was appointed as his counsel.
 At a preliminary hearing in the case, the following evidence was presented in support of the information:
 1) a witness testified that the victim was on his way to the bank to deposit a large sum of money the last time he was seen alive,
 2) the same witness also saw Prokop, an employee of the victim, standing beside the road leading to the bank,
 3) a bank officer testified that the victim did not make his customary deposit at the bank on the day of the murder,
 4) a police officer testified that the victim was discovered dead in the back seat of his own car, having suffered multiple gunshot wounds to the head, and
 5) a jailhouse informant who was housed with Prokop shortly after his arrest testified that Prokop admitted to robbing and killing the victim and, after asking the informant to dispose of the murder weapon, drew a map which the informant gave to authorities who were then able to locate a pistol determined to be the murder weapon and to have belonged to Prokop.
 The judge found that this evidence was sufficient to warrant holding Prokop over for trial.
 Prokop initially entered a plea of not guilty. On the first day of trial, Prokop made a motion for substitution of counsel, claiming that he was dissatisfied with Rabbin's representation. The court denied Prokop's motion but allowed him to act as "co-counsel" in the case. The court first conducted a voir dire examination of the jurors with respect to death penalty issues. Before regular voir dire, however, Prokop's attorney made a motion for a change of plea. He claimed that he was doing so because the parties had reached a satisfactory plea negotiation that would allow Prokop to avoid facing a possible death penalty. The terms of the plea agreement required Prokop to plead guilty to first degree murder and admit the allegations, contained in the information, that he committed the crime after lying in wait and that he used a firearm. In exchange, Prokop would receive a 25 year sentence on the murder charge. The parties dispute whether the plea agreement contemplated any enhancement in Prokop's sentence for the use of the firearm.
 When the plea was being taken by the court, Prokop described the events surrounding the crime, but his description was not sufficient to sustain a conviction of first degree murder. In essence, he explained that he committed the crime during an argument/scuffle with the victim and in the heat of passion. The court and counsel on both sides recognized at that time that the facts admitted by Prokop would not support a conviction of first degree murder. The court then took a ten minute recess. When the hearing reconvened, defense counsel indicated that Prokop was willing to stipulate to allowing the court to make its factual determination relating to the degree of the murder conviction on the basis of the evidence presented at the preliminary hearing. The court later read the transcript of that hearing and determined that the evidence presented at that time was sufficient to support Prokop's plea of guilty to first degree murder.
 At the time of sentencing, Prokop moved to withdraw his plea, but that motion was denied. He was sentenced to 25 years on the first degree murder charge and 2 additional years (to run consecutive to the 25) on the firearm enhancement, despite his understanding that he would not receive any extra time for admitting the use of a firearm.
 2. Law
 A. Voluntariness of the plea/evidentiary hearing
 The main issue presented by Prokop's petition and this appeal is whether Prokop's guilty plea was voluntary. Prokop claims that it was not because his counsel coerced him into pleading guilty. Although psychological coercion by a defendant's counsel may, in some circumstances, render that defendant's plea involuntary, see Iaea v. Sunn, 800 F.2d 861 (9th Cir.1986), there is little evidence in the record, apart from Prokop's own unsupported allegations, to support his claim of coercion.
 The district court below followed the magistrate's recommendation and did not hold an evidentiary hearing with respect to Prokop's coercion claims, finding instead that the evidence already in the record provided a sufficient basis upon which to decide the issue. That evidence included 1) the affidavit of Prokop's trial counsel, 2) Prokop's own allegations, 3) the transcript of the hearing at which the trial court accepted Prokop's guilty plea and 4) the transcript of the sentencing hearing. This evidence is sufficient to support a conclusion that Prokop was not coerced to plead guilty.
 Prokop's counsel denies forcing or coercing Prokop into entering a guilty plea. Prokop, on the other hand, alleges in his petition and in his brief on appeal that he was coerced into pleading guilty. If this were the only evidence in the record, the issue would solely be one of credibility. Where the issue of credibility can be conclusively decided on the basis of documentary testimony and evidence in the record, no evidentiary hearing is required. United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir.1989). Although Prokop's representations and those of his counsel are flatly contradictory, the transcripts of Prokop's plea hearing demonstrate that he did voluntarily enter his plea of guilty, even though he never provided a factual scenario that would support a first-degree murder conviction.
 In North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 1662 (1980), the Supreme Court held that a trial court may accept a guilty plea from a defendant who maintains his innocence of the crime charged where the court finds that there is a strong factual basis to support the crime charged and the plea of guilty is the result of an intelligent conclusion that the defendant's interests require entry of the guilty plea. This case presents such a situation, wherein Prokop knowingly and intelligently chose to plead guilty in order to avoid the risk of greater punishment. During the plea hearing the following significant exchange took place with respect to this issue:
 THE COURT: Well, are you telling me then that you and your attorney had a frank and full discussion about the result, the possible results of the trial and what would be best for you in view of the evidence as you understand it and that you and he concluded after this discussion that this is the best thing you can do considering the evidence and what actually occurred and what you understand the law to be?
 THE DEFENDANT: Yeah.
 THE COURT: In other words, you feel that you will be a lot better off entering a plea to the charge that I read to you and the special circumstance than stand trial and face the consequences of that trial?
 THE DEFENDANT: Yes.
 THE COURT: All right. And so are you asking the court then to accept your offered plea of guilty and your admission of the use of the firearm?
 THE DEFENDANT: Yeah.
 THE COURT: Is there anything that you don't understand about any of this procedure that you'd like me to clarify or would help you in any way?
 THE DEFENDANT: No.
 THE COURT: Have you discussed with your attorney the punishment that you face if you go through with this proposed change of plea?
 THE DEFENDANT: Yes.
 THE COURT: Would you tell me what you understand it to be?
 THE DEFENDANT: I understand I'm supposed to be guilty of first degree murder which carries twenty-five to life with a gun allegation which carries maybe a year or two more, two years.
 Later during the same hearing this issue was revisited and the following exchange took place:
 THE COURT: Now, is it--and I understand from what you have said before it is, perhaps, because of this, because of the fact that jury might very well believe [incriminating] testimony and come up with a result less favorable to you, that is, the sentence would be greater than you would receive under the proposed plea and that is something you heavily considered, isn't that correct?
 THE DEFENDANT: Yes sir.
 THE COURT: And it's because of this that you are asking the court to accept your plea of guilty to the murder charge and you are willing to admit the special circumstance regarding the use of the gun and you are going to let the court decide the degree of murder, whether first or second degree, or whatever, on the basis of the information contained in the preliminary. More than that, you are willing to admit that it was murder in the first degree but you are letting the court make a determination whether that is factually supported by the testimony and that testimony would come from the transcript of the preliminary examination. Do you understand what I'm saying?
 THE DEFENDANT: Yes.
 THE COURT: All right. Now, are there any other questions that anyone has, attorneys I'm referring to, or you, Mr. Prokop, regarding what we're doing here or the consequences of what we're doing here?
 GOVERNMENT COUNSEL: I would just like to direct a few questions to Mr. Prokop, your honor. [Unintelligible] ... court finding a factual basis and enter into this plea of guilty of the first degree murder and use of firearm is because you, as your own counsel, in conjunction with your own co-counsel, Mr. Rabbin, have made a tactical decision that the jury would most likely impose a more severe punishment on you than you would be receiving as a result of this plea bargain. Is that correct?
 THE DEFENDANT: Maybe.
 GOVERNMENT COUNSEL: Is that your opinion, they would, and that's why you are doing it with the risk of that?
 THE DEFENDANT: Just the risk.
 DEFENSE COUNSEL: That's an unfair question, judge. The question, I think--
 
 
 1
 THE COURT: How about changing it to there's a strong likelihood.
 
 
 2
 DEFENSE COUNSEL: There certainly is a possibility and that's what has been considered in coming to this, but to say, well, we know what the jury is going to do--
 
 
 3
 THE COURT: It was a tactical decision that you thought--both of you thought would be favorable, both Mr. Rabbin and Mr. Prokop?
 
 
 4
 THE DEFENDANT: Yes sir.
 
 
 5
 These exchanges conclusively demonstrate the voluntariness of Prokop's Alford plea and disprove his claim that his plea was coerced.
 
 B. Ineffective assistance of counsel
 
 6
 Besides being coercive, Prokop argues that his counsel was otherwise ineffective. He claims that his counsel erred in 1) misinforming Prokop of the details of the plea agreement (specifically with respect to the fact that the court was free to choose not to drop the two-year firearm enhancement at sentencing), 2) misinforming Prokop that, if he pled guilty, he would not have to face outstanding charges against him in Arizona, 3) not adequately cross-examining his main accuser (the jailhouse informant) at the preliminary hearing, 4) not moving to suppress the testimony of the jailhouse informant and 5) mishandling the voir dire proceedings.
 
 
 7
 Prokop's first two contentions directly relate to the voluntariness of his plea. When a defendant enters a guilty plea on the strength of the advice of counsel, the voluntariness of the plea depends on 1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and 2) whether there is a reasonable probability that, but for counsel's unprofessional errors, the defendant would not have entered the same plea. Hill v. Lockhart, 474 U.S. 52, 56-57, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985) (applying the two-part Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), "constitutional error/prejudice" standard to the plea process). The transcript of the preliminary hearing demonstrates that Prokop was made aware of the possibility that he would receive a two-year enhancement for the gun allegation and yet did not, at that point, indicate that that particular factor bore heavily on his decision whether or not to plead guilty. Therefore, he has not satisfied the "prejudice" element of the Hill and Strickland standard and his petition was properly dismissed with respect to this issue.
 
 
 8
 As to defense counsel's alleged misrepresentations about the Arizona charges, Prokop is in the same position as he was with respect to his claims of coercion. In an affidavit filed with the court, Prokop's attorney claims to have discussed extradition to Arizona with Prokop, but never to have told him that he would not be extradited. Further, the magistrate, in his report and recommendation, found that Prokop admitted that he did not discuss the Arizona charges with his attorney until after he had pleaded guilty. Prokop's allegations to the contrary are not credible and do not, by themselves, entitle him to relief.
 
 
 9
 Finally, Prokop's last three contentions can be summarily dismissed. Since Prokop's plea was voluntary, his counsel's actions in pre-trial matters provide no basis for invalidating that plea. Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 1607-08, 36 L.Ed.2d 235 (1973) (after plea of guilty, a federal habeas petitioner is normally permitted to challenge only the voluntariness of the plea, not other alleged constitutional violations preceding the plea).
 
 
 10
 In sum, Prokop has not produced sufficient evidence in favor of his arguments that his plea was involuntary or that his counsel was ineffective to merit an evidentiary hearing on these issues. Therefore, the district court correctly denied Prokop's petition without holding an evidentiary hearing.
 
 
 11
 Accordingly, this case is hereby AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4 the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 Honorable Lloyd D. George, United States District Judge for the District of Nevada, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3