988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leland SAGASER, Defendant-Appellant.
 No. 92-35340.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1992.*
Decided Feb. 18, 1993.
 
 Appeal from the United States District Court for the Western District of Washington; No. CV-91-5510-RJB, Robert J. Bryan, District Judge, Presiding.
 W.D.Wash.
 AFFIRMED.
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leland Sagaser appeals pro se from the denial of his 28 U.S.C. § 2255 motion to vacate sentence on the grounds that his guilty plea was involuntary and he was denied effective assistance of counsel. Sagaser claims that he was induced to plead guilty by his attorney's promise that he would receive a sentence of at most 27 months imprisonment, a sentence considerably shorter than what he eventually received. We have jurisdiction under 28 U.S.C. § 2255 and we affirm.
 
 
 3
 In May of 1990, Sagaser signed a plea agreement in which he agreed to plead guilty to a conspiracy charge involving the theft and sale of seafood. The plea agreement contained the following language:
 
 
 4
 LELAND SAGASER ... understand[s] that the maximum penalty for a violation of Title 18, United States Code, Section 371, is Five (5) years imprisonment, a fine of up to $250,000.00, plus a period at supervised release of least [sic] two (2) but not more than three (3) years. LELAND SAGASER ... acknowledge[s] that no promises of any type have been made with respect to the sentence in this matter.
 
 
 5
 Sagaser subsequently pled guilty at a hearing before the district court. Sagaser had recently had throat surgery and could not speak, but the court reporter recorded when he nodded his head in response to questions. In this way, Sagaser informed the court that no one had made any promises to him other than in the written plea agreement, and that he understood that he could get the maximum penalty of five years imprisonment. He also communicated his understanding that sentencing guidelines applied to his case and that his attorney could not tell him for sure what his sentence would be.
 
 
 6
 In October 1990, the district court determined that the sentencing range under the applicable guidelines was 41 to 51 months. The court sentenced Sagaser to 51 months imprisonment and ordered that Sagaser pay restitution to the victims. Sagaser did not appeal this judgment, and instead brought a § 2255 motion over a year later. In his motion, Sagaser argued only two issues: the involuntariness of his guilty plea, and the denial of effective assistance of counsel. The government submitted a sworn affidavit from Sagaser's trial counsel, Keith MacFie, stating that he had made no guarantees or promises to Sagaser regarding sentencing. In March 1992, the district court denied the motion without a hearing, and Sagaser appeals.
 
 
 7
 To bring a successful claim of ineffective assistance of counsel, the defendant must show that his attorney's performance was deficient and that he was prejudiced by the deficient performance. United States v. Signori, 844 F.2d 635, 638 (9th Cir.1988); Strickland v. Washington, 466 U.S. 668, 687-91 (1984). When a defendant argues that his guilty plea was not voluntary because of the advice of his attorney, the defendant likewise must show that his attorney's performance "was not within the range of competence demanded of attorneys in criminal cases." Signori, 844 F.2d at 638.
 
 
 8
 We review de novo the questions of ineffectiveness of counsel and the voluntariness of the defendant's plea. Id. However, we review the district court's findings of fact that support a conclusion of voluntariness for clear error. Id.
 
 
 9
 We agree with the district court that Sagaser has not shown either that his counsel was incompetent or that his plea was involuntary. Sagaser acknowledged both in the written plea agreement and at the hearing that he understood he could receive the maximum penalty of five years imprisonment and that no one had made any promises to him. Sagaser waited over a year after being sentenced to 51 months imprisonment to claim that MacFie had promised that he would receive a maximum of 27 months. We agree with the district court's implicit finding that Sagaser's unsupported allegation is simply not credible.[1]
 
 
 10
 Sagaser also contends that he received ineffective assistance of counsel at the sentencing hearings because MacFie failed to make certain objections, did not communicate everything to Sagaser and did not cross-examine one of the witnesses. A review of the record reveals that MacFie's performance was well within "the range of competence demanded of attorneys in criminal cases." See Signori, 844 F.2d at 638. MacFie fully argued his client's case at the sentencing hearing, and was successful in convincing the district judge to reject a sentence enhancement recommended by the presentence report. We therefore reject Sagaser's claim based on incompetency of counsel.
 
 
 11
 Sagaser raises several other issues for the first time on appeal. Since these issues were not presented to the district court, we decline to address them. See United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although Sagaser does not explicitly raise this issue on appeal, we note that the district court did not err in declining to hold an evidentiary hearing. See United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir.1988) (No evidentiary hearing is required "where the issue of credibility could be 'conclusively decided on the basis of documentary testimony and evidence in the record.' ") (quoting Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988))