990 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stephen L. FELICIANA, Petitioner-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-16888.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 16, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stephen L. Feliciana, a federal prisoner, appeals pro se the denial of his 28 U.S.C. § 2255 motion to vacate his sentence imposed following his guilty plea to two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d). Feliciana contends that he received ineffective assistance of counsel because his attorney (1) was facing state prosecution for armed robbery and disbarment, was addicted to narcotics, filed only one pretrial motion, failed to make court appearances, and did not investigate the charges; and (2) coerced Feliciana into pleading guilty by telling him he would receive a 25-year sentence if he entered the plea and a 100-year sentence if he went to trial. Feliciana also contends that the prosecutor coerced him into pleading guilty by misrepresenting the status of other charges. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 
 3
 In an earlier appeal, we reversed the district court's denial of Feliciana's section 2255 motion and remanded for an evidentiary hearing. Feliciana v. United States, No. 87-1615, unpublished memorandum disposition (9th Cir. May 18, 1988) (citing United States v. Espinoza, 866 F.2d 1067, 1070 (9th Cir.1988) (where defendant claimed that guilty plea was induced by counsel's promise of particular sentence, evidentiary hearing or expansion of record was required because record was not sufficiently developed regarding issues of credibility)). On remand, the district court held an evidentiary hearing on Feliciana's claim that his attorney coerced his guilty plea by advising him that he would receive a 25-year sentence. The district court then again denied the section 2255 motion as to all claims.
 
 
 4
 We review de novo the denial of a section 2255 motion, and we review the district court's fact findings for clear error. Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991).
 
 
 5
 To establish ineffective assistance of counsel, a defendant must establish that counsel's performance was deficient and that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). A defendant who pleads guilty must show that counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys, and that but for counsel's advice, the defendant would not have pleaded guilty. Hill v. Lockhart, 474 U.S. 52, 58 (1985). A gross mischaracterization of the likely outcome of a case may constitute deficient performance. See Doganiere, 914 F.2d at 168 (inaccurate prediction of sentence did not amount to deficient performance).
 
 Criminal Charges against Counsel
 
 6
 Feliciana established that his attorney was defending himself against criminal charges when he represented Feliciana. As the district court found, however, this fact alone did not establish deficient performance; further, Feliciana was aware of the criminal proceedings and did not seek to replace his attorney. See United States v. Bosch, 914 F.2d 1239, 1244-45 (9th Cir.1990) (counsel's disbarment did not establish deficient performance where defendant was informed of disbarment and chose to proceed with counsel's assistance).
 
 Counsel's Drug Use
 
 7
 As the district court found, drug use alone does not establish ineffective assistance of counsel. See Smith v. Ylst, 826 F.2d 872, 876 (9th Cir.1987) (mental illness of attorney not per se ineffective assistance), cert. denied, 488 U.S. 829 (1988). Further, the evidence showed that Feliciana was aware of counsel's drug use. Cf. Bosch, 914 F.2d at 1244-45.
 
 Counsel's Failure to Investigate
 
 8
 Feliciana claims that if counsel had properly investigated the case, he would have discovered that two potential prosecution witnesses, Tameka Johnson and Bert Moore, would have recanted their inculpating statements against him and testified in his defense. As the district court found, even assuming that counsel's investigation was deficient, due to the criminal charges against counsel or his drug use, or for other reasons, Feliciana did not establish resulting prejudice. See Hill, 474 U.S. at 58; Strickland, 466 U.S. at 687. The district court did not clearly err by finding, based on Johnson and Moore's depositions and other evidence, that it was unlikely they would have recanted their testimony. See Doganiere, 914 F.2d at 167.
 
 Counsel's Failure to File Motions
 
 9
 In the district court, Feliciana claimed that counsel should have filed a motion to sever his trial from the trial of his codefendants because then the codefendants would have testified in his defense. Feliciana did not establish the prejudice prong of the Strickland test as to this claim because the codefendants pleaded guilty. See Hill, 474 U.S. at 58; Strickland, 466 U.S. at 687.
 
 
 10
 Counsel's Failure to Make Court Appearances
 
 
 11
 Feliciana contends that counsel's performance was deficient because he failed to make two court appearances. As the district court found, Feliciana did not establish that this deficient performance was connected to Feliciana's decision to plead guilty three months later. See Hill, 474 U.S. at 58; Strickland, 466 U.S. at 687.
 
 Coerced Plea
 
 12
 As the district court found, Feliciana withdrew his claim that counsel coerced his guilty plea by advising him that he would receive a 100-year sentence if he went to trial. Feliciana cannot resurrect this claim on appeal.
 
 Counsel's Advice as to Sentence
 
 13
 On remand, the district court held an evidentiary hearing on Feliciana's claim that counsel coerced his guilty plea by advising him that he would receive a 25-year sentence if he entered the plea. At the hearing, Feliciana testified that counsel had given him this advice and told him to ignore the district court's advice that he could receive a sentence of up to 50 years. Feliciana also testified that he believed he had a good defense and would not have pleaded guilty if he had known he could receive a higher sentence. The government submitted the transcript of counsel's deposition. At the deposition, counsel testified that he advised Feliciana that it was more than likely that he would receive the concurrent 25-year sentences to be recommended by the government. The district court did not clearly err by finding that Feliciana's testimony was not credible and therefore denying this claim of a coerced plea. See Doganiere, 914 F.2d at 167; Espinoza, 866 F.2d at 1070. Moreover, Feliciana received consecutive terms of 25 years and 10 years. Accordingly, counsel's prediction did not amount to deficient performance. See Doganiere, 914 F.2d at 168 (gross mischaracterization of likely outcome of case may constitute deficient performance).
 
 Prosecutorial Misconduct
 
 14
 Feliciana claims that the prosecutor coerced his guilty plea by misrepresenting the status of other charges. He cannot make this claim for the first time on appeal. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987).
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3