47 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daryl K. WOODS, Petitioner-Appellant,
v.
Teresa ROCHA, Respondent-Appellee.
 No. 94-55473.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 24, 1995.
 
 Appeal from the United States District Court for the Southern District of California, No. CV-93-1106-IEG; Irma E. Gonzalez, District Judge, Presiding.
 S.D.Cal.
 VACATED AND REMANDED.
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daryl K. Woods, a California state prisoner, appeals the district court's denial of his petition for writ of habeas corpus. Woods claims, first, that he was denied the effective assistance of counsel when he entered a plea of guilty to eleven counts robbery in 1992 and, second, that his plea is invalid because the trial court failed to advise him of constitutional rights he waived by pleading guilty.
 
 
 3
 We have jurisdiction under 28 U.S.C. Sec. 2253. We remand this case to the district court for appointment of counsel and for further proceedings consistent with this opinion.
 
 
 4
 Woods was charged in 1992 with eleven counts of robbery, which would have exposed him upon conviction to a maximum aggregate sentence of 31 years and eight months in jail. His mother, Dorothy Robinson, paid attorney George Bye $2500 to represent her son.
 
 
 5
 Defendant Woods denied having committed eight of the robberies. Nonetheless, on Bye's advice, he pleaded guilty to all eleven counts without signing a plea agreement. At the change of plea hearing, the trial court announced its understanding that Woods disputed the facts but wished "to plead guilty to all of the offenses ... in order not to take advantage of any sentencing agreement because there is none, but rather to put [him]self in a better position in the eyes of the court at the time of sentencing." Without expressly advising Woods of his Boykin rights, the court accepted his plea of guilty and sentenced him to 27 years and four months in jail.
 
 
 6
 Woods claims that Bye induced him to plead guilty by telling him he had struck a deal with the judge and prosecutor whereby Woods would be sentenced to only 12 years in prison. His mother submits a notarized affidavit to the same effect. Liberally construed, Woods' habeas petition also raised, apparently for the first time in the district court, the state court's failure to advise him of his Boykin rights.
 
 
 7
 The district court denied relief, finding, on the basis of the change of plea form and the transcripts, that Bye had made no false promise. The court neither addressed Woods' Boykin claim, nor advised him that he could return to state court to exhaust the claim or proceed in federal court and forfeit his right to obtain review. See Rose v. Lundy, 455 U.S. 509, 520 (1982).
 
 
 8
 We review de novo the district court's decision on a habeas corpus petition. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). A defendant who alleges ineffective assistance in the plea process must show a reasonable probability "that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). A habeas petitioner is entitled to an evidentiary hearing when he alleges off-the-record facts demonstrating a federal constitutional violation which contradict evidence produced at a plea proceeding. See United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir.1988) (28 U.S.C. Sec. 2255); Iaea v. Sunn, 800 F.2d 861, 868 (9th Cir.1986) (28 U.S.C. Sec. 2254).
 
 
 9
 To show that a guilty plea was voluntary and intelligent, a state court record must show that defendant voluntarily waived three rights: (1) the right to a jury trial, (2) the right to confront his accusers at trial, and (3) the right against self-incrimination. Boykin v. Alabama, 395 U.S. 238, 242 (1969); United States v. Butcher, 926 F.2d 811, 817 (9th Cir.1991).
 
 
 10
 We are satisfied that a reasonably competent attorney would not counsel his client to lie in response to a court's questions concerning the existence of any undisclosed promise of leniency. The present record, however, is insufficient to enable us to evaluate the truth of Woods' claim. Moreover, we cannot determine whether he wishes to forfeit federal review of his Boykin claim.
 
 
 11
 We therefore remand this matter to the district court with instructions to appoint counsel to: (1) assist Woods in determining whether to dismiss his Boykin claim and pursue this petition now or to exhaust his Boykin claim in state court; (2) pursue this petition if Woods so elects; (3) render other appropriate services.
 
 
 12
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publicaton and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3