976 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John WALKER, Petitioner-Appellant,
v.
George DEEDS, Respondent-Appellee.
 No. 91-16090.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 17, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Walker, a Nevada state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm in part, reverse in part, and remand for an evidentiary hearing and appointment of counsel.
 
 Background
 
 3
 Walker was arrested in October 1987 for stealing four bottles of cologne and four cartons of cigarettes from a convenience store in Las Vegas. He was charged with grand larceny, which, under Nevada law, elevates a misdemeanor petty larceny charge to a felony grand larceny charge if the value of the stolen goods exceeds $100.[1] At the preliminary hearing, it was determined that Walker had stolen merchandise valued at $93.41. Thereafter, the prosecutor amended Walker's information to place Walker on notice that he would seek to punish him under Nevada's habitual offender statute, Nev.Rev.Stat. § 207.010, which requires three prior felony convictions. Walker had pled guilty to the following three felonies prior to his trial for grand larceny: (1) attempted burglary into a motel in 1973, (2) attempted burglary in 1977, and (3) larceny from a person in stealing a purse, in 1979. The prosecutor amended the information a second time to charge him with aiding and abetting his co-defendant, Melvin Samuels, in stealing merchandise valued at $31.77, thus bringing the total value of the goods Walker and Samuels stole above the $100 threshold required for a grand larceny charge.
 
 
 4
 In January 1988, Walker was found guilty after a jury trial of grand larceny. Pursuant to Nevada's habitual offender statute, Walker was sentenced to life imprisonment with the possibility of parole after 10 years. Walker, on direct appeal, challenged the sufficiency of evidence supporting the grand larceny conviction and his sentence under the habitual offender statute. The Nevada Supreme Court dismissed the appeal. Walker then filed a state petition for post-conviction relief raising the same issues presented in his federal petition: (1) whether he was improperly bound over for trial; (2) whether the trial court erroneously permitted the filing of the second amended information; (3) whether insufficient evidence supported his grand larceny conviction; (4) whether the trial court erroneously sentenced him under the habitual offender statute; and (5) whether he received effective assistance of trial and appellate counsel. The state district court held that Walker waived the first two issues because he did not raise them on direct appeal and dismissed the other three on the merits.
 
 Invalid Prior Conviction
 
 5
 Walker contends that his sentence under the habitual offender statute is invalid because he did not knowingly and voluntarily waive his right to trial in pleading guilty to the 1977 attempted burglary charge. He assigns error to the district court for dismissing his habeas petition without first granting an evidentiary hearing on the claim.
 
 
 6
 A constitutionally invalid conviction cannot be used to enhance a sentence. United States v. Tucker, 404 U.S. 443, 448 (1972). A guilty plea is invalid when no showing of voluntariness is made. Boykin v. Alabama, 395 U.S. 238, 242 (1969).
 
 
 7
 In a habeas proceeding, an evidentiary hearing is proper to determine whether a plea of guilty is voluntary. Wilkin v. Erickson, 505 F.2d 761, 765 (9th Cir.1974). The district court must hold an evidentiary hearing if (1) the petitioner's allegations, if they were true, would entitle him to relief, and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts. Townsend v. Sain, 372 U.S. 293, 312-13 (1963); see also Bashor v. Risley, 730 F.2d 1228, 1233 (9th Cir.1984), cert. denied, 469 U.S. 838 (1984). An evidentiary hearing is also required where the petitioner alleges occurrences outside the record which are not patently frivolous. 28 U.S.C. § 2254(d)(8); Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.1989); United States v. Barrows, 872 F.2d 915, 917 (9th Cir.1989), cert denied, 493 U.S. 869 (1989). When a district court denies a habeas petition without an evidentiary hearing, it must make specific findings and conclusions in order to show that it has independently reviewed the record. Lincoln v. Sunn, 807 F.2d 805, 808-09 (9th Cir.1987). Appointment of counsel is mandatory for indigent petitioners when an evidentiary hearing is required. Rule 8, 28 U.S.C. foll. § 2254; Bashor, 730 F.2d at 1234.
 
 
 8
 Here, Walker alleges that he was unaware what rights he was giving up by pleading guilty to the 1977 attempted burglary charge because he waived reading of the information. The district court never addressed the merits of Walker's claim and did not apply a procedural bar.[2] In fact, neither the district court nor the state court made any mention of this claim in dismissing Walker's petition. Therefore, because the district court did not make any findings concerning this claim as required by Lincoln, 807 F.2d at 808-09, we remand this case to the district court for an evidentiary hearing concerning this claim and order that counsel be appointed.
 
 Eighth Amendment
 
 9
 Walker contends that his sentence of life without the possibility of parole for ten years is disproportionate to his crime in violation of the eighth amendment. The eighth amendment requires that a sentence in a non-capital case must be proportional to the crime. Rummel v. Estelle, 445 U.S. 263, 271 (1980); Solem v. Helm, 463 U.S. 277, 290 (1983).
 
 
 10
 Here, the court below rejected Walker's eighth amendment claim based solely on Rummel. We hold that, if the district court on remand, decides the invalid prior conviction claim against Walker, it should consider Walker's eighth amendment claim in light of Harmelin v. Michigan, 111 S.Ct. 2680. See United States v. Bland, 961 F.2d 123, 129 (9th Cir.1992), cert. filed, No. 91-8722 (June 18, 1992) (holding that Justice Kennedy's concurrence in Harmelin was the controlling opinion).
 
 Procedural Default
 
 11
 Walker contends that the district court erroneously determined that he was procedurally barred from raising the following claims: (1) that he was bound over for trial without sufficient evidence; and (2) that the trial judge erred by allowing the state to file an amended information alleging that Walker acted in concert with his co-defendant. Walker did not raise the claims on direct appeal and the state court invoked the procedural bar to the claims on his state post-conviction petition. The district court properly determined that unless Walker could show cause and prejudice, the claims would be defaulted. See Murray v. Carrier, 477 U.S. 478, 485-92 (1986). The district court rejected Walker's claim that cause was demonstrated by the ineffectiveness of his appellate counsel in failing to raise these claims. We agree with the district court's determination in this regard.
 
 Sufficiency of the Evidence
 
 12
 Walker assigns error to the district court's determination that there was sufficient evidence presented at trial to show that Walker and Samuels acted together in stealing merchandise from the store. The district court examined the record and determined that looking at the evidence in the light most favorable to the prosecution, there was sufficient evidence to convict Walker under this theory. See Jackson v. Virginia, 443 U.S. 307, 324 (1979). We agree with the district court and affirm.
 
 Sentence
 
 13
 Walker further challenges his sentence as a habitual offender by claiming that the prosecutor did not introduce a certified copy of the 1973 judgment and conviction and that he did not receive adequate notice that the prosecutor would seek a sentence as a habitual offender. The district court examined the record and noted that certified copies of all the convictions were introduced. The court also noted that Walker received notice of the prosecution's intention to seek habitual offender status almost two months prior to trial. The district court accordingly rejected Walker's claims, and we agree.
 
 Ineffective Assistance
 
 14
 Walker's final claim is that he received ineffective assistance of counsel at the trial and on appeal. We agree with the district court's reasoning in rejecting this claim.
 
 Conclusion
 
 15
 With respect to the validity of the invalid prior conviction and the eighth amendment claims, we reverse the district court's judgment and remand for an evidentiary hearing and appointment of counsel. We affirm as to the remainder of Walker's claims.
 
 
 16
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Shortly after Walker's trial, Nevada's definition of grand larceny changed to stealing property in excess of $250. Nev.Rev.Stat. § 205.220
 
 
 [2]
 Although Walker did not raise this claim on direct appeal, he did raise it in his state post-conviction proceeding, which was denied on the merits. We hold that Walker has not procedurally defaulted his claim because the state failed to argue in the district court that this claim was barred. Batchelor v. Cupp, 693 F.2d 859, 863-64, cert. denied, 463 U.S. 1212 (1983)