**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Raymond W. BURROWS, Jr.,
Defendant–Appellant.**

No. 86–4264.

United States Court of Appeals,
Ninth Circuit.

Submitted March 24, 1989 *.

Decided April 18, 1989.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

David L. Shorett, Seattle, Wash., for defendant-appellant.

Peter O. Mueller, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Before BROWNING, FARRIS and NORRIS, Circuit Judges.

PER CURIAM:

Raymond Burrows, a federal prisoner, appeals the district court's denial without an evidentiary hearing of his 28 U.S.C. § 2255 motion. In his motion Burrows alleged he received ineffective assistance of counsel because his trial attorney failed to investigate his mental state and present evidence regarding his mental state at trial.

Burrows was convicted of racketeering conspiracy in violation of 18 U.S.C. § 1962(d). He appealed his conviction, and this court denied his appeal in *United States v. Tille*, 729 F.2d 615 (9th Cir.) *cert. denied*, 469 U.S. 845, 105 S.Ct. 156, 83 L.Ed.2d 93, *cert. denied sub nom. Burrows v. United States*, 469 U.S. 848, 105 S.Ct. 164, 83 L.Ed.2d 100 (1984). Burrows then filed a motion under 28 U.S.C. § 2255,

alleging he received ineffective assistance of counsel because his trial attorney failed to investigate his mental state and present evidence regarding his mental state at trial.[1] The magistrate concluded that an evidentiary hearing was needed to determine whether Burrows' trial attorney was ineffective. However, the district court denied Burrows' motion without conducting an evidentiary hearing. Burrows timely appeals. We reverse and remand because the district court should not have dismissed Burrows' motion without an evidentiary hearing.

I

The record contains the following evidence regarding Burrows' mental state. Burrows was admitted to Western State Hospital (WSH) on September 16, 1977, for a psychiatric and psychological examination in connection with his arrest for possessing stolen property (ER 19, CR 340 at Report of Wash. Dept. of Social & Health Services (DSH)). DSH released Burrows on September 28, 1977, finding that he was a chronic paranoid schizophrenic who could neither distinguish between right and wrong nor appreciate the nature of his conduct at the time he allegedly possessed the stolen property, but that he was able to appreciate the nature of his conduct at the time of his release from WSH (CR 340 at Report of DSH). DSH placed Burrows on psychotropic drugs and noted in its report that Burrows did not require further hospitalization and would not "represent a danger to other persons" as long as he remained on the drugs and did not consume excessive amounts of alcohol (*id.*). Burrows subsequently pleaded guilty in Washington state court to possession of stolen property in the third degree (ER 21 at 4).

Burrows alleged in his section 2255 motion that he stopped taking the psychotropic drugs "approximately five weeks after

<hr />

1. The government argues that Burrows is merely challenging his trial attorney's strategic decision not to raise the insanity defense. Appellee's Brief at 12–13. The government argues that Burrows never alleges that his attorney failed to investigate an insanity defense and never makes any allegation to rebut the presumption that his attorney performed competently. *Id.* However, the magistrate and the district court properly construed Burrows' pleadings as alleging a failure to investigate a possible insanity defense.

his release from" WSH (ER 8), and that he had relapsed into his paranoid schizophrenic state at the time he allegedly attempted to murder Ramona Bennett (ER 8). He alleged that his trial attorney knew of his stay at WSH before the trial, but did not review his medical records or prepare a defense based on mental state, and failed to present evidence of his mental state to the jury (ER 8–9). Burrows' current attorney submitted an affidavit stating that Burrows' doctors at WSH would have testified at trial that Burrows would have probably suffered a relapse of his paranoid schizophrenia if he stopped taking the drugs, did not seek outpatient treatment or consumed an excessive amount of alcohol (CR 340 at Affidavit of Shorett). Burrows also included affidavits from nine of his friends to show that he had become withdrawn, suffered from memory loss and severe mood swings, and could not carry on a logical conversation after he left WSH (CR 340 Appendix).

## II

■ This court reviews the denial of a motion under section 2255 de novo. _United States v. Espinoza_, 866 F.2d 1067, 1069 (9th Cir.1988). A claim of ineffective assistance of counsel is a mixed question of law and fact which this court reviews de novo. _United States v. Birtle_, 792 F.2d 846, 847 (9th Cir.1986).

## III

■ Section 2255 requires the district court to hold an evidentiary hearing "[u]nless the motions and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255, _Espinoza_, 866 F.2d at 1069. An evidentiary hearing is usually required if the motion states a claim based on matters outside the record or events outside the courtroom. _Watts v. United States_, 841 F.2d 275, 277 (9th Cir.1988); _Marrow v. United States_, 772 F.2d 525, 526 (9th Cir. 1985). The district court may deny a section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not

state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. _Id.; Baumann v. United States_, 692 F.2d 565, 570–71 (9th Cir.1982). A judge may supplement the record with his "recollection of the events at issue" and then summarily dismiss a section 2255 motion. _Blackledge v. Allison_, 431 U.S. 63, 74 n. 4, 97 S.Ct. 1621, 1629 n. 4, 52 L.Ed.2d 136 (1977); _Gustave v. United States_, 627 F.2d 901, 903 (9th Cir.1980).

■ Burrows' claims raise facts which occurred out of the courtroom and off the record. Accordingly, the district court should have held an evidentiary hearing unless something in the record conclusively shows that Burrows' trial attorney was not ineffective. _See Espinoza_, 866 F.2d at 1069; _Watts_, 841 F.2d at 277.

This court applies the two-tiered test which the Supreme Court set out in _Strickland v. Washington_, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984), to determine whether a criminal defendant's conviction must be set aside because he received constitutionally ineffective assistance of counsel. _See United States v. Aguon_, 851 F.2d 1158, 1172 (9th Cir.1988). First, the defendant must show that counsel's performance was out of the wide range of reasonable professional assistance. _Strickland_, 466 U.S. at 690, 104 S.Ct. at 2066; _Evans v. Lewis_, 855 F.2d 631, 636 (9th Cir.1988). Second, the defendant must show that the attorney's deficient performance prejudiced the defense. _Strickland_, 466 U.S. at 694, 104 S.Ct. at 2068; _United States v. Schaflander_, 743 F.2d 714, 717–18 (9th Cir.1984), _cert. denied_, 470 U.S. 1058, 105 S.Ct. 1772, 84 L.Ed.2d 832 (1985).

### A

A mental state defense may have been a plausible defense for Burrows. Evidence that Burrows had ceased taking the psychotropic drugs, suffered a relapse of his paranoid schizophrenia, became withdrawn, suffered from memory loss and severe mood swings and could not carry on a

logical conversation may have convinced the jury that Burrows did not possess the appropriate mental state to attempt to murder Ramona Bennett. Nevertheless, the record shows neither an investigation of a mental defense by the trial attorney nor a reasonable professional judgment not to investigate.

The district court did not find that Burrows' trial attorney either investigated a possible mental defense or made a reasonable decision not to investigate. Rather, the court presumed that the attorney must have considered and rejected using the insanity defense since he knew of Burrows' stay at WSH[2] and therefore "the possibility of the insanity defense had to have been in trial counsel's mind at an early stage of the proceedings.... The insanity defense is not an esoteric one; it is a defense of which even nonlawyers are aware" (ER 20). The court concluded that the attorney "had to have concluded that, strategically, the better course was to challenge the sufficiency of the government's proof that Burrows had agreed to commit two separate acts of racketeering" (ER 20–21). The court also found: that the attorney "might also have concluded" that the insanity defense would not work because it would either complicate or detract from his main defense; that the insanity defense was not viable because Burrows pleaded guilty to the 1977 charge of possession of stolen goods; that Burrows' demeanor appeared normal at trial; and that the government had a tape on which Burrows acknowledged the criminality involved in his attempt to murder Bennett (ER 21–22). Based on these reasons, the district court determined that the trial counsel made a reasonable decision not to pursue a mental defense.

Burrows argues on appeal that he pleaded guilty to the 1977 charge because he got a good plea bargain, not because a mental defense would have been unsuccessful, and points out that his 1982 trial demeanor is irrelevant because the issue was his mental state in 1978 when he allegedly conspired to attempt to murder Ramona Bennett. Appellant's Opening Brief at 4–6. Burrows does not dispute the district court's finding about the incriminating tape. However, the record does not indicate what the attorney knew about the tape, when he knew it and what strategic choices the attorney made in light of the tape.

In sum, the district court's assumptions that the attorney must have considered an insanity defense and might have rejected it for strategic reasons appear not to have been based on the record. *See Watts,* 841 F.2d at 277 (evidentiary hearing usually required if motion states claim based on matters outside the record). The record does not show that the trial attorney investigated a possible mental state defense. The record does not show why the trial attorney failed to investigate, and the judge did not use his recollection of the events at issue to answer this question. Accordingly, the attorney's performance cannot be deemed effective without an evidentiary hearing. *See Evans,* 855 F.2d at 636 (counsel's performance was deficient where he had information of defendant's psychological treatment and attempted suicide but failed to investigate defendant's mental condition as a possible mitigating factor at sentencing); *United States v. Friel,* 588 F.Supp. 1173, 1183 (E.D.Pa.1984) (counsel was required under *Strickland* to make a sufficient inquiry into possible exculpatory information provided by his client to form a reasoned basis for not investigating further).

B

To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Evans v. Lewis,* 855 F.2d 631, 636 (9th Cir.1988) (quoting *Strickland,* 466 U.S. at 694, 104

---

**2.** The government concedes that Burrows' attorney knew of Burrows' stay at WSH before the 1982 trial. Appellee's Brief at 5.

S.Ct. at 2068). It is not clear whether evidence of Burrows' mental state would have persuaded the jury that Burrows could not have conspired to violate the racketeering laws. The district court concluded that "Burrows' defense was not prejudiced" because Burrows' demeanor at trial and the tape recorded conversation in which Burrows acknowledged the criminality involved in attempting to murder Bennett "would have seriously undermined the effectiveness of" an insanity defense and, therefore, such a defense "would not likely have changed the result at trial" (ER 22). However, a section 2255 motion may not be summarily dismissed unless it can be conclusively determined that the prisoner is entitled to no relief. *See Espinoza*, 866 F.2d at 1069.

Burrows points out that his 1982 trial demeanor is irrelevant because the issue was his mental state in 1978 when he allegedly conspired to attempt to murder Ramona Bennett. Appellant's Opening Brief at 4–6. Burrows does not dispute the district court's finding about the incriminating tape. However, the district court did not conclusively find that Burrows would not have been acquitted if mental evidence had been introduced. Instead, it found that the combination of Burrows' demeanor at trial combined with the tape "would not likely have changed the result at trial" (ER 22). Because the judge did not conclusively find that Burrows would not have been acquitted, and the record does not conclusively show that Burrows would not have been acquitted, an evidentiary hearing is necessary to determine whether psychiatric evidence would have changed the result of the 1982 trial. *See Espinoza*, 866 F.2d at 1069.

REVERSED and REMANDED.