PEOPLE OF the TERRITORY OF
GUAM, Plaintiff–Appellee,

v.

Henry Babauta SANTOS,
Defendant–Appellant.

Crim. No. 88–00004A.

United States District Court,
Territory of Guam,
Appellate Division.

June 14, 1994.

Elizabeth Barrett–Anderson, Atty. Gen., J. Andrew Boname, Asst. Atty. Gen., Agana, Guam, for plaintiff-appellee.

Robert E. Hartsock, Agana, Guam, for defendant-appellant.

BEFORE: RAFEEDIE [*], MUNSON [**], and JONES [***], District Judges.

## OPINION

ROBERT E. JONES, District Judge:

Defendant Henry Babauta Santos appeals from convictions of two (2) counts of aggravated murder, robbery, and unlawful possession and use of a deadly weapon in the commission of a felony. On June 10, 1991, this panel reversed defendant's convictions and remanded the case for a new trial on the ground that the trial court erred by giving the jury a non-statutory reasonable doubt instruction. The Ninth Circuit has reversed that decision. *See People of Territory of Guam v. Borja*, 983 F.2d 914 (9th Cir.1992). We must therefore consider defendant's remaining assignments of error. We again reverse.

## DISCUSSION

Apart from his challenge to the trial court's jury instruction, which the Ninth Circuit has rejected, Santos argues that his convictions must be overturned on grounds of ineffective assistance of counsel and prosecu-

---

[*] Honorable Edward Rafeedie, United States District Judge for the Central District of California, sitting by designation.

[**] Honorable Alex R. Munson, United States District Judge for the Northern Mariana Islands, sitting by designation.

[***] Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation.

torial misconduct. We address these issues in turn.

## I. *Ineffective Assistance of Counsel*

To establish grounds for a new trial based on ineffective assistance of counsel, Santos must show that (1) his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *United States v. Burrows,* 872 F.2d 915, 917 (9th Cir.1989). The main issue is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686, 104 S.Ct. at 2064.

■ In its decision filed on January 8, 1988, the Superior Court concluded that Santos had met the first part of the two-factor test. It observed that Santos's counsel did not act with reasonable diligence when he failed to follow up on a police department memorandum implicating the prosecution's key witness, Baleria "Esther" Borjas, in the crime. We agree that counsel's failure to investigate this matter was not "within the range of competence demanded of attorneys in criminal cases." *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064 (quoting *McMann v. Richardson,* 397 U.S. 759, 770–71, 90 S.Ct. 1441, 1448–49, 25 L.Ed.2d 763 (1970)). A reasonable inquiry on the part of counsel might have produced evidence which could have impeached Borjas or, possibly, exculpated Santos. Even absent such an inquiry, counsel's failure to make use of the memorandum during the trial was itself a serious lapse of professional judgment.

■ We disagree, however, with the Superior Court's analysis of the second *Strickland* factor. The Superior Court found that the performance of Santos's counsel, although deficient, did not deprive defendant of a fair trial. That conclusion ignores the fact that Borjas was the only prosecution witness who placed defendant at the crime scene. If the jury had been given the opportunity to evaluate Borjas's credibility in light of the memorandum, or any related evidence uncovered

by Santos's counsel, it could easily have reached a different verdict. Prejudice to the defense is established where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burrows,* 872 F.2d at 918 (quoting *Evans v. Lewis,* 855 F.2d 631, 636 (9th Cir.1988)). Such a probability exists here.

For the foregoing reasons, we conclude that the unsatisfactory performance of Santos's attorney undermined Santos's ability to mount an adequate defense at trial. A new trial is therefore warranted.

## II. *Prosecutorial Misconduct*

. The Superior Court found that the government prosecutor made improper and unethical remarks to the jury concerning Santos's guilt and other matters. It concluded, however, that the prosecutor's statements did not affect the fairness of the trial. In view of our ruling that Santos was deprived of effective assistance of counsel, there is no need to reexamine the Superior Court's ruling on the issue of prosecutorial misconduct. Nevertheless, we share the Superior Court's view that many of the prosecutor's comments at trial were inappropriate. Accordingly, we admonish the prosecution to refrain from such conduct during the re-trial of this case.

## CONCLUSION

The convictions are REVERSED and this matter is REMANDED for trial on the merits.