39 F.3d 1189
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Artem Bautista DAVID, Defendant-Appellant.
 No. 94-15521.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Nov. 8, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Artem B. David appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate his sentence imposed following his jury conviction for operating a continuing criminal enterprise, in violation of 21 U.S.C. Sec. 848. David claims that he was denied: (1) his Sixth Amendment rights to effective assistance of trial counsel and appellate counsel; and (2) his Fifth Amendment right to due process pursuant to Brady v. Maryland, 373 U.S. 83 (1963). In addition, David claims that the district court abused its discretion by denying his motion for an evidentiary hearing based on those two issues. We have jurisdiction under 28 U.S.C. Sec. 2255. We review David's Sixth and Fifth Amendment claims de novo, United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1993). The district court's denial of an evidentiary hearing on an ineffective assistance of counsel claim is reviewed for abuse of discretion. United States v. Blaylock, 20 F.3d 1458, 1464 (9th Cir.1994). The district court's denial of an evidentiary hearing on a Brady v. Maryland, 373 U.S. 83 (1963) claim is also reviewed for abuse of discretion. Baumann v. United States, 692 F.2d 565, 572-73 (9th Cir.1982). We affirm.
 
 1. Sixth Amendment violations
 
 3
 (a) Ineffective Assistance of Trial Counsel
 
 
 4
 To obtain relief from a claim of ineffective assistance of counsel, a defendant must meet the two requirements enunciated in Strickland v. Washington, 466 U.S. 668 (1984). First, a defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 687-88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and tactical decisions of trial counsel are entitled to a high degree of deference. Id. at 689. Second, a defendant must show that counsel's deficient performance prejudiced the defense. Id. at 692. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. Furthermore, the focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993).
 
 
 5
 David's first ineffective assistance claim is based on his trial attorney's apparent failure to challenge the magistrate judge's order allowing the government to depose two witnesses incarcerated in the Philippines pursuant to Fed.R.Crim.P. 15. David's second ineffective assistance claim is based on his trial attorney's apparent failure to object to the manner in which the deposition in the Philippines was conducted. During the deposition, David had telephone communication with his attorney, but not with the deposition proceeding itself. David's third ineffective assistance claim is based on his trial attorney's apparent failure to resolve hearsay objections that occurred at the deposition. These claims lack merit because David fails to show how this alleged deficient performance prejudiced his defense. See Lockhart, 113 S.Ct. at 844; Strickland, 466 U.S. at 692.
 
 
 6
 David's fourth ineffective assistance claim is based on his trial attorney's apparent failure to request the presence of a judge at the deposition proceedings. This claim lacks merit because Fed.R.Crim.P. 15 does not require the presence of a judge during depositions. Thus, counsel's failure to make this request does not fall below an objective standard of reasonableness. See Strickland, 466 at 687-88.
 
 
 7
 David's fifth ineffective assistance claim is based on his trial attorney's apparent failure to object to the prosecutor's refreshing of Ferdinand Ramos' memory before it needed refreshing. The government asked Ramos how he was unable to recall giving Suthep $3,000 when he had been able to supply the United States with this figure during his grand jury testimony. The government then showed Ramos the transcript of his grand jury testimony to clarify this discrepancy. Because David fails to explain how counsel's failure to object to this procedure prejudiced his defense, this claim lacks merit. See Lockhart, 113 S.Ct. at 844; Strickland, 466 U.S. at 692.
 
 
 8
 David's sixth ineffective assistance claim is based on his trial attorney's apparent failure to object to testimony revealing the fact that Michael Dewitt and Ferdinand Ramos received life sentences in the Philippines. This claim lacks merit because David fails to show how this alleged deficient performance prejudiced his defense. See Lockhart, 113 S.Ct. at 844; Strickland, 466 U.S. at 692.
 
 
 9
 David's seventh ineffective assistance claim is based on his trial attorney's apparent failure to question Ramos about the government's decision to not charge him with conspiracy to import heroin. This claim lacks merit because David offers no proof that Ramos was offered any bargain by the government for his testimony. Thus, counsel's failure to question Ramos regarding this matter does not fall below an objective standard of reasonableness. See Strickland, 466 at 687-88.
 
 
 10
 David's eighth ineffective assistance claim is that his trial attorney's poor cross-examination skills allowed a government witness to make prejudicial statements about him. During the cross-examination of government witness Thomas Stennis, David's attorney asked if David had ever paid Stennis to do other jobs for him. Stennis replied that he had helped David convert small bills into larger ones. David argues that this allowed the jury to infer that David acquired the money from drug trafficking. Because it was counsel's strategy to portray David as a diamond smuggler, David fails to show how this cross-examination fell below an objective standard of reasonableness. See Strickland, 466 at 687-88.
 
 
 11
 David's ninth, tenth and eleventh ineffective assistance claims are based on his trial attorney's apparent failure to ask witnesses Thomas Mark, Sonny Puerto and George Anderson about the sentences they would have received if they had not cooperated with the United States. Because the full terms of the witness' plea bargains had already been revealed on direct examination by the government, counsel's failure to question them about their cooperation with the government did not fall below an objective standard of reasonableness. See Strickland, 466 at 687-88.
 
 
 12
 David's twelfth and thirteenth ineffective assistance claims are based on his trial attorney's apparent failure to object when the prosecutor improperly vouched for two witnesses' veracity by eliciting testimony from them that their plea agreement required them to testify truthfully. This claim lacks merit because the prosecutor ceased this line of improper questioning after a court admonishment, and because the court gave the jury a curative instruction to cure any prejudice that may have resulted from the government's questioning. Moreover, David fails to show how this alleged deficient performance by counsel prejudiced his defense. See Lockhart, 113 S.Ct. at 844; Strickland, 466 U.S. at 692.
 
 
 13
 David's fourteenth ineffective assistance claim is based on his trial attorney's apparent failure to object to testimony revealing that George Anderson was a courier for Richard Benson, who was an alleged employee of David. Testimony indicated that while staying in Las Vegas, Nevada, Benson made telephone calls to a Philippine number belonging to David's girlfriend. In addition, handwritten phonebooks found at a residence used by Benson contained listings for David and a number of his family members. Thus, Anderson's testimony concerning Benson was relevant and not objectionable. Therefore, counsel's failure to object to this testimony did not fall below an objective standard of reasonableness. See Strickland, 466 at 687-88.
 
 
 14
 David's fifteenth ineffective assistance claim is that his trial attorney's poor cross-examination of Rolanda Sacramento damaged David's defense. Because David fails to articulate how this cross-examination prejudiced his defense, this claim is deficient. See Lockhart, 113 S.Ct. at 844; Strickland, 466 U.S. at 692.
 
 
 15
 David's final ineffective assistance claim is based on his trial attorney's apparent failure to move for acquittal at the end of the government's case, and at the close of the trial. This claim lacks merit because David fails to articulate how this alleged deficient performance prejudiced his defense. See Lockhart, 113 S.Ct. at 844; Strickland, 466 U.S. at 692.
 
 
 16
 (b) Ineffective Assistance of Appellate Counsel
 
 
 17
 To obtain relief from a claim of ineffective assistance of appellate counsel, an appellant must show that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's unprofessional errors, appellant would have prevailed on appeal. Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989). Appellate counsel has no constitutional obligation to raise every nonfrivolous issue requested by the defendant. Jones v. Barnes, 463 U.S. 745, 751-54 (1983). "The weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy." Miller, 882 F.2d at 1434.
 
 
 18
 David's first ineffective assistance of appellate counsel claim is based on his attorney's failure to appeal the government's disclosure that two witnesses had entered into plea agreements. This claim lacks merit because David fails to articulate how this alleged deficient performance prejudiced his chance for a successful appeal. See Jones, 463 U.S. at 751-54; Miller, 882 F.2d at 1434.
 
 
 19
 David's second ineffective assistance of appellate counsel claim is based on his attorney's failure to appeal the trial court's refusal to instruct the jurors that they must be unanimous as to the identities of the persons who were allegedly supervised by David. Such an instruction is required only when the government has included in the indictment a supervisee who could not as a matter of law be supervised, and there is a genuine possibility that jurors might include such a person. United States v. LeMaux, 994 F.2d 684, 688-89 (9th Cir.1993). Here, each person the United States alleged as a supervisee could be found to be a supervisee. See id. Therefore, counsel was not ineffective in failing to appeal this meritless issue. See Jones, 463 U.S. at 751-54; Miller, 882 F.2d at 1434.
 
 
 20
 David's third ineffective assistance of appellate counsel claim is based on his attorney's failure to appeal the trial court's definition of "substantial income," which David argues, "amended" the indictment. Specifically, David claims that the trial court's instruction that substantial income could be proven by reference to gross receipts of money or property alters the elements required to convict him of violating 21 U.S.C Sec. 848. David fails to cite any relevant authority for this argument. Moreover, the trial court's instruction did not vary the elements, nor did it affect any charge in the indictment. Thus, this ineffective assistance of appellate counsel claim lacks merit. See Jones, 463 U.S. at 751-54; Miller, 882 F.2d at 1434.
 
 
 21
 David's final ineffective assistance of appellate counsel claim is based on his attorney's failure to raise the issue of sufficiency of evidence to convict. Specifically, David contends that the evidence supporting his conviction was "not strong," and that the jury improperly relied on the inferences and testimony of accomplices. The test for sufficiency of the evidence is whether any rational jury could find the existence of the elements beyond a reasonable doubt viewing the evidence in the light most favorable to the government. United States v. Lai, 944 F.2d 1434, 1440 (9th Cir.1991), cert. denied, 112 S.Ct. 947 (1992); United States v. Terry, 911 F.2d 272, 278 (9th Cir.1990). The government presented ample evidence to find that David was engaging in a continuing criminal enterprise. See Lai, 944 F.2d at 1440; Terry, 911 F.2d at 278. Thus, this ineffective assistance of appellate counsel claim lacks merit. See Jones, 463 U.S. at 751-54; Miller, 882 F.2d at 1434.
 
 2. Brady Claim
 
 22
 The Due Process Clause of the Constitution prohibits the prosecution from suppressing evidence favorable to an accused where the evidence is material either to guilt or to punishment. Brady v. Maryland, 373 U.S. 83, 87 (1963); United States v. Alderdyce, 787 F.2d 1365, 1369 (9th Cir.1986). Evidence is material under Brady only if there is reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. United States v. Bagley, 473 U.S. 667, 685 (1985); United States v. Kennedy, 890 F.2d 1056, 1058 (9th Cir.1989), cert. denied, 110 S.Ct. 1308 (1990). A " 'reasonable probability is a probability sufficient to undermine confidence in the outcome.' " Bagley 473 U.S. at 682 (quoting Strickland, 466 U.S. at 694).
 
 
 23
 David contends that the prosecution violated his Fifth Amendment rights pursuant to Brady when the government failed to turn over evidence establishing that witnesses Gomez and DeWitt were offered assistance in reducing their Philippine jail sentences for their cooperation in David's trial. This contention lacks merit. Assuming that this allegation is true, David fails to show how the result of the proceeding would have been different had the evidence been disclosed to the defense. See Bagley, 473 U.S. at 685; Kennedy, 890 F.2d at 1058. The district court therefore, did not err in concluding that the prosecution had not withheld exculpatory evidence in violation of Brady. See Brady, 373 U.S. at 87; Alderdyce, 787 F.2d at 1369.
 
 3. Denial of Evidentiary Hearing
 
 24
 An evidentiary hearing is required unless the files and records of the case conclusively show that the prisoner is not entitled to relief. 28 U.S.C. Sec. 2255; Blaylock, 20 F.3d at 1465. A hearing is normally required if the motion states a claim based on matters outside the record or courtroom. United States v. Burrows, 872 F.2d 915, 917 (9th Cir.1989). A Sec. 2255 motion may be denied without a hearing if the claims are so palpably incredible or patently frivolous as to warrant summary dismissal. Id.
 
 
 25
 First, David asserts that the district court abused its discretion by not granting him an evidentiary hearing based on his ineffective counsel claims. This contention lacks merit because his ineffective counsel claim is entirely based on the record and he makes no factual allegations which occurred outside the courtroom. See 28 U.S.C. Sec. 2255; Blaylock, 20 F.3d at 1465; Burrows, 872 F.2d at 917. As discussed in the relevant sections supra, the record shows that David's ineffective counsel claims are without merit. Thus, the district did not abuse its discretion when it denied David's motion for an evidentiary hearing based on his ineffective assistance of counsel claim. See Blaylock, 20 F.3d at 1465.
 
 
 26
 Second, David asserts that the district court abused its discretion by not granting him an evidentiary hearing based on his Brady claim. Although David states facts outside the record to support his claim, he offers no evidence other than his own triple hearsay that the government entered into a bargain with the witnesses detained in the Philippines. Because this claim is so palpably incredible, the district court did not abuse its discretion when it denied David's motion for an evidentiary hearing based on this claim. See Burrows, 872 F.2d at 917; Baumann, 692 F.2d at 572-73.
 
 
 27
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3