91 F.3d 157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jay Kevin SHERIDAN, Defendant-Appellant.
 No. 95-55846.
 United States Court of Appeals, Ninth Circuit.
 Argued June 4, 1996.
 Submitted June 16, 1996.
Decided July 17, 1996.
 
 Before: FLETCHER, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jay Kevin Sheridan appeals the district court's dismissal of his 28 U.S.C. § 2255 motion. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.
 
 
 3
 We review the district court's denial of Sheridan's § 2255 motion de novo. United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1993). We review the district court's decision to dispense with an evidentiary hearing for abuse of discretion. Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988).
 
 
 4
 Sheridan asserts that George Verdugo, the supplier of the cocaine, was a confidential informant, and argues that the Government had a duty under Brady v. Maryland, 373 U.S. 83 (1963), to inform him of Verdugo's role. Sheridan bases his allegation on a Drug Enforcement Agency arrest report from 1991 describing Verdugo's arrest on drug charges and his offer of information on various cocaine traffickers.
 
 
 5
 Because Sheridan obtained this report from the Government through pretrial discovery prior to his guilty plea, there was no violation of Brady. Moreover, the fact that Verdugo was arrested in 1991 and offered to give information to authorities at that time does not, without more, give rise to an inference that he was a confidential informant for the Government at the time of his dealings with Sheridan. Viewed against the record, Sheridan's allegation does not state a claim for relief. United States v. Burrows, 872 F.2d 915, 917 (9th Cir.1989). The district court did not abuse its discretion in dismissing this claim without a hearing. Id.
 
 
 6
 Sheridan argues that the federal prosecution following the state forfeiture of $1,059 in cash and several firearms seized at the time of Sheridan's arrest subjected him to double punishment in violation of the Double Jeopardy Clause.[1] The Supreme Court recently held that in rem civil forfeitures, like the state forfeiture here, do not constitute "punishment" for the purposes of the Double Jeopardy Clause. United States v. Ursery, 64 U.S.L.W. 4565 (U.S. June 24, 1996). This decision forecloses Sheridan's double jeopardy challenge.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 At our request, Sheridan responded to supplemental cases cited by the Government by filing a "Motion to Respond." We grant Sheridan's motion and have considered his arguments