108 F.3d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alden Lamont MOORE, Defendant-Appellant.
 No. 96-16166.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 14, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alden Lamont Moore, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence imposed following his guilty plea to armed bank robbery in violation of 18 U.S.C. § 2113(a). Moore contends that he was denied effective assistance of counsel at sentencing because his attorney failed to: (1) inform him that he could attack his prior convictions; and (2) move for a downward departure based on Moore's Human Immuno-Deficiency Virus ("HIV") status. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review the district court's denial of Moore's section 2255 motion de novo, see Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and we affirm.
 
 
 3
 A claim of ineffective assistance of counsel is a mixed question of law and fact which we review de novo. See United States v. Burrows, 872 F.2d 915, 917 (9th Cir.1989). In order for the petitioner to prevail on a claim of ineffective assistance, he must first show that (1) his counsel's representation fell below an objective standard of reasonableness and, (2) that his counsel's errors prejudiced his case. See Strickland v. Washington, 466 U.S. 668, 687-94 (1984); Shah v. United States, 878 F.2d 1156, 1162 (9th Cir.1989).
 
 A. Prior Convictions
 
 4
 Moore contends that he was denied effective assistance of counsel because his attorney failed to inform him that he could attack his prior convictions for purposes of sentencing. This contention lacks merit.
 
 
 5
 A defendant does not have the right to attack collaterally a prior conviction used to enhance his sentence unless his prior conviction was obtained in violation of his right to be represented by appointed counsel. See Custis v. United States, 114 S.Ct. 1732, 1737-39 (1994); United States v. McChristian, 47 F.3d 1499, 1502 (9th Cir.1995).
 
 
 6
 Here, Moore was represented by counsel during both his 1985 and 1987 prior proceedings. Accordingly, Moore has failed to show any prejudice from his attorney's failure to inform him that he could attack his prior convictions. See Custis, 114 S.Ct. at 1737-39; Strickland, 466 U.S. at 687.
 
 B. HIV Status
 
 7
 Moore alleges that his counsel was ineffective because he failed to request a downward departure based on Moore's HIV-positive status. This contention lacks merit.
 
 
 8
 The "reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." See Strickland, 466 U.S. at 691; Campbell v. Kincheloe, 829 F.2d 1453, 1463 (9th Cir.1987).
 
 
 9
 Here, Moore provides no evidence that he was HIV-positive at the time of his sentencing hearing, or that counsel knew that he was HIV-positive at that time. At the plea hearing, in response to the judge's inquiries whether Moore had any psychological or emotional traumas, Moore responded negatively. Moreover, nine months after sentencing, Moore wrote to Judge Walker from prison informing him of his HIV status. Moore wrote: "My reason for writing you is because since Ive [sic] been in prison Ive [sic] been tested for H.I.V. and I am positive." This information contradicts Moore's allegation that he and his counsel were aware of his HIV status at the time of sentencing.
 
 
 10
 Because counsel did not know of Moore's HIV status at sentencing, counsel's failure to request a downward departure based on Moore's HIV did not fall below the objective standard of reasonableness. See Strickland, 466 U.S. at 691; see Campbell, 829 F.2d at 1463. Accordingly, the district court did not err by denying Moore's section 2255 motion. See Frazer, 18 F.3d at 781.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Moore's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We need not address the government's contention that Moore failed to obtain a certificate of appealability in light of Jeffries v. Wood, 103 F.3d 827 (9th Cir.1996) (en banc)