**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Marco ALCAZAR, Defendant—**
**Appellant.**

No. 02–55157.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 2003.

Decided June 13, 2003.

of this circuit except as provided by Ninth Circuit Rule 36–3.

Before: HALL, THOMAS, and PAEZ, Circuit Judges.

## MEMORANDUM *

This case arises out of the district court's dismissal without a hearing of Marco Alcazar's § 2255 petition alleging ineffective assistance of counsel. Alcazar alleges he requested that counsel file a notice of appeal on his behalf, and that counsel failed to do so. The sole question before us is whether Alcazar is entitled to an evidentiary hearing concerning this al-

leged failure to perfect his appeal. We conclude that he is, and remand the case to the district court for a hearing. Because the parties are familiar with the facts and procedural history, we will not recount them here.

A habeas petitioner is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Shah v. United States,* 878 F.2d 1156, 1158 (9th Cir.1989). An evidentiary hearing is ordinarily required if the motion states a claim based on matters outside the record or events outside the courtroom. *See United States v. Burrows,* 872 F.2d 915, 916 (9th Cir.1989). "The district court may deny a section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Id; see also United States v. McMullen,* 98 F.3d 1155, 1158 (9th Cir.1996) (an evidentiary hearing is required if the petitioner can "allege specific facts which, if true would entitle him to relief"); *Tejada v. Dugger,* 941 F.2d 1551, 1559 (11th Cir. 1991) ("A petitioner is entitled to an evidentiary hearing if he alleges facts which, if true, would warrant habeas relief.").

Here, Alcazar alleges that he repeatedly and specifically requested that his attorney pursue an appeal for him, and that his attorney ignored his requests. On the other hand, the record contains an unauthenticated letter from Alcazar's counsel stating that it had always been his practice to meet with clients to advise them of the right to appeal, and that Mr. Alcazar never requested a notice of appeal be filed on his

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

behalf. Thus, there was a conflict in the documentary evidence presented to the district court.

Alcazar's allegations, if true, would entitled him to habeas relief. Counsel's failure to file a requested notice of appeal satisfies both prongs of the *Strickland* test for ineffective assistance of counsel: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant. *Roe v. Flores–Ortega,* 528 U.S. 470, 476, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (citing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). *Flores–Ortega* expressly reaffirmed the principle that "[a] lawyer who disregards a defendant's specific instructions to file a notice of appeal acts in a professionally unreasonable manner." 528 U.S. at 470 (citing *Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969)). Further, prejudice is presumed if counsel's deficient performance led to the forfeiture of the appeal. *Id.* at 483 ("[The] serious denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right ... demands a presumption of prejudice.").

In short, because Alcazar's colorable habeas claim is based on disputed matters outside the record and events outside the courtroom, an evidentiary hearing is required. *See Burrows,* 872 F.2d at 917. We vacate the judgment and remand the case to the district court for an evidentiary hearing.

**REVERSED AND REMANDED.**

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).