James N. Leon **GUERRERO**,
Petitioner,

v.

**UNITED STATES of America,**
Respondent.

No. 02–16515.

D.C. Nos. CV–01–00056–JSU,
CR–97–00094–1–JSU.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2003.

Decided Dec. 23, 2003.

Sandra D. Lynch, Agana, GU, James N. Leon Guerrero, pro se, Leavenworth, KS, for Petitioner.

Marivic P. David, Hagatna, GU, for Respondent.

## MEMORANDUM [*]

James Leon Guerrero appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. In a previous trial, Guerrero was acquitted of armed bank robbery under 18 U.S.C. §§ 2113(a), 2113(d)-(e), use of a firearm in relation to a crime of violence under 18 U.S.C. § 924(c)(1), and felon in possession of a firearm under 18 U.S.C. §§ 922(g) and 924(a)(2). The jury could not reach a verdict on the charge of

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

conspiracy to commit armed bank robbery under 18 U.S.C. § 371, and the district court declared a mistrial. He was subsequently re-tried for the single count of conspiracy, convicted, and sentenced to life in prison under 18 U.S.C. § 3559.

Guerrero alleges that he received ineffective assistance because: (1) counsel misled him regarding his defense strategy and did not permit him to testify in the second trial; (2) counsel presented a factually and legally unsupported defense; (3) counsel prejudiced him by portraying him as a violent person; and (4) counsel prejudiced him at sentencing. The district court denied Guerrero's § 2255 motion without an evidentiary hearing and Guerrero now appeals that decision.

## DISCUSSION

The decision to grant or deny a federal prisoner's 28 U.S.C § 2255 motion is reviewed de novo. *See United States v. Alaimalo*, 313 F.3d 1188, 1191 (9th Cir. 2002). The district court's decision not to conduct an evidentiary hearing on an ineffective assistance of counsel claim is reviewed for an abuse of discretion. *See United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir.2003).

### I. Ineffective Assistance of Counsel

■ To prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner must demonstrate that counsel's performance was unreasonable under prevailing professional standards, *Hasan v. Galaza*, 254 F.3d 1150, 1154 (9th Cir.2001), and must overcome a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance

which, under the circumstances, might be considered sound trial strategy. *United States v. Molina*, 934 F.2d 1440, 1447 (9th Cir.1991). The petitioner must also show that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. *Hasan*, 254 F.3d at 1154.

The petitioner is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 (1994). An evidentiary hearing is "usually required if the motion states a claim based on matters outside the record or events outside the courtroom." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir.1989). However, the petitioner is not entitled to a hearing if the allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Leonti*, 326 F.3d at 1116.

Here, Guerrero alleges that counsel failed to advise him in advance of his new defense strategy and his decision not to have Guerrero testify. Guerrero claims to have learned of these tactical decisions during the course of the trial, when he noticed that counsel was introducing evidence that Guerrero threatened and intimidated his alleged co-conspirators. In his affidavit, counsel admits to employing this unusual strategy in order to negate the "agreement" element of the conspiracy charge. Counsel also claims that he informed Guerrero of his strategic decisions before trial and that Guerrero never expressed any disagreement with his tactics.

We note that, instead of using the same strategy that resulted in a hung jury on the conspiracy charge during the first trial, counsel decided to employ a different strategy in the second trial. The strategy he elected was highly unusual and risked

prejudicing Guerrero in the eyes of the jury. While the *Strickland* standard is highly deferential to counsel's tactical decisions, there is sufficient question as to the reasonableness of counsel's decisions, and sufficient conflict in the facts, to lead us to conclude that Guerrero's claim is not so "palpably incredible or patently frivolous as to warrant summary dismissal." Accordingly, we find that an evidentiary hearing is warranted so that Guerrero may "develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." *United States v. Pope,* 841 F.2d 954, 958 (9th Cir.1988).

## II. Denial of Right to Testify

Guerrero claims that he was denied his constitutional right to testify on his own behalf. While this is one component of his broader ineffective assistance claim and may be pursued further in that context, we decide the independent constitutional claim separately because additional factual development is not needed for that purpose. When "a defendant remains silent in the face of his attorney's decision not to call him as a witness, he waives his right to testify." *United States v. Pino–Noriega,* 189 F.3d 1089, 1095 (9th Cir. 1999) (internal quotation omitted). Because Guerrero did not notify the court of his desire to testify, or request a different lawyer, he waived his right to testify and may not raise it here. Therefore, the district court's decision to deny this claim without an evidentiary hearing was appropriate.

## CONCLUSION

We REVERSE and REMAND for an evidentiary hearing on the claim of ineffective assistance of counsel and AFFIRM the district court's dismissal of Guerrero's claim regarding the denial of his right to testify.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.