**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Cathy Ann HURLEY, Defendant—
Appellant.**

**No. 05–35359.
D.C. No. CV–04–00916–ACH.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2006.*

Decided March 20, 2006.

Thomas H. Edmonds, Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Laurie Shertz, Portland, OR, for Defendant–Appellant.

Before FERNANDEZ, TASHIMA, and PAEZ, Circuit Judges.

MEMORANDUM**

Appellant Cathy Ann Hurley ("Hurley") appeals the district court's dismissal, with-

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

out an evidentiary hearing, of her motion to vacate or correct her sentence pursuant to 28 U.S.C. § 2255. We review *de novo* a district court's dismissal of a § 2255 motion. *United States v. Rodrigues,* 347 F.3d 818, 823 (9th Cir.2003). We review for abuse of discretion a district court's decision whether to conduct an evidentiary hearing for a § 2255 motion. *Id.* We construe the certificate of appealability to encompass Hurley's argument that the district court improperly denied her claims of ineffective assistance of counsel ("IAC") without conducting an evidentiary hearing under Rule 8 of the Rules Governing Motions Challenging Sentencing Under Section 2255. We affirm.

"The district court may deny a section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief, or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Burrows,* 872 F.2d 915, 917 (9th Cir.1989) (citations omitted). We thoroughly have reviewed the record in this case, and we conclude that Hurley's claims of IAC are either palpably incredible or patently frivolous.[1] Hurley does not elaborate upon her allegations and does not cite to any evidence that would support her claims. The records before the district court conclusively showed that Hurley was not entitled to relief on any of her IAC claims. Accordingly, the district court did not abuse its discretion in denying Hurley's § 2255

motion without conducting an evidentiary hearing.

**AFFIRMED.**

---

1. In addition to Sixth Amendment IAC claims, Hurley also alleged that her Fourth, Fifth, and Eighth Amendment rights were violated. The Fourth and Fifth Amendment claims were withdrawn at Hurley's request. Although the Eighth Amendment claim was not withdrawn, it was not addressed by the district court, nor by either party in their briefs to this court. Therefore, any appeal

regarding the Eighth Amendment claim has been waived. *See Greenwood v. FAA,* 28 F.3d 971, 977 (9th Cir.1994).

