CRANDALL PENAFLOR, Petitioner-Appellant,
v.
STATE OF HAWAI`I, Respondent-Appellee
No. 28527.
Intermediate Court of Appeals of Hawaii.
June 24, 2008.
On the briefs:
Crandall Penaflor, Petitioner-Appellant pro se.
Renee Ishikawa Delizo, Deputy Prosecuting Attorney, County of Maui, for Respondent-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, PRESIDING Judge, FUJISE and LEONARD, JJ.
Petitioner-Appellant Crandall Penaflor (Penaflor) appeals the Findings of Fact, Conclusions of Law, and Judgment Denying Rule 40 Petition for Post-Conviction Relief, filed on April 17, 2007, in the Circuit Court of the Second Circuit (circuit court).[1]
On September 10, 1991, Penaflor was convicted of Burglary in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 708-810(1)(c) (1985), Terroristic Threatening of Deby Cammarata, in violation of HRS § 707-716(1)(d) (Supp. 1989), Terroristic Threatening of Kevin Strazi, in violation of HRS § 707-716(1)(d), Kidnapping, in violation of HRS § 707-720(1)(d) (Supp. 1986), and two counts of Sexual Assault in the First Degree, in violation of HRS § 707-730(1)(a) (Supp. 1987). The circuit court[2] sentenced Penaflor to consecutive terms of imprisonment but denied the State of Hawai`i's motion for extended term sentencing.
Through trial counsel, Penaflor appealed his convictions, arguing the circuit court abused its discretion at sentencing by (1) taking into account its belief that Penaflor testified untruthfully and (2) using Penaflor's failure to admit guilt as a factor. The Hawaii Supreme Court issued a memorandum opinion in Appeal No. 15629 which affirmed Penaflor's convictions.
On January 22, 1998, Penaflor, pro se, filed a Hawai`i Rules of Penal Procedure (HRPP) Rule 40 Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (First Petition) (S.P.P. No. 98-0001) arguing (1) ineffective assistance of trial counsel, (2) his conviction was based on perjured testimony by the complainants, and (3) the jury was biased against him. Penaflor did not appeal the circuit court[3] denial of his First Petition without a hearing.
On February 28, 2000, Penaflor's pro se[4] Motion for Correction of Illegal Sentence Pursuant to HRPP Rule 35, based on allegations that merger and due process violations[5] invalidated his sentence, was denied by the circuit court. In Appeal No. 23939, this court reversed Penaflor's conviction on one count of Terroristic Threatening on the basis that this count merged with the kidnapping count. Penaflor's application for writ of certiorari was denied.
On September 11, 2006, Penaflor, pro se, filed a second HRPP Rule 40 Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (Second Petition), which is the subject of the instant appeal.
On appeal, Penaflor contends, in his points on appeal, that the circuit court erred by denying his Second Petition without a hearing because (1) he had ineffective assistance of counsel at trial and on appeal, (2) he was denied "Due Process of Law and the Right to a Fair Trial," (3) the prosecutor committed misconduct, (4) the trial court allowed perjured testimony, biased jury members, compelled him to testify against himself, and used a videotape recorder instead of a court reporter, (5) his consecutive sentence was illegal, and (6) he was improperly denied appointment of counsel "to assist him interviewing Judge Mossman, Mr [sic] Griswold regarding State's witnesses who committed perjury, counsel to consult with an `Expert Video Tape Recorder' which there was [sic] numerous errors and missing portions," and to assist him preparing a Rule 40 Petition because his appellate counsel was ineffective.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Penaflor's points of error as follows:
Regarding the denial of a HRPP Rule 40 petition without an evidentiary hearing, HRPP Rule 40(f) provides in relevant part:
(f) Hearings. If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held during the course of the proceedings which led to the judgment or custody which is the subject of the petition or at any later proceeding.
In Barnett v. State, 91 Hawai`i 20, 979 P.2d 1046 (1999), the Hawai`i Supreme Court stated:
As a general rule, a hearing should be held on a Rule 40 petition for post-conviction relief where the petition states a colorable claim. To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the verdict, however, a petitioner's conclusions need not be regarded as true. Where examination of the record of the trial court proceedings indicates that the petitioner's allegations show no colorable claim, it is not error to deny the petition without a hearing. The question on appeal of a denial of a Rule 40 petition without a hearing is whether the trial record indicates that Petitioner's application for relief made such a showing of a colorable claim as to require a hearing before the lower court.

State v. Allen, 7 Haw. App. 89, 92-93, 744 P.2d 789, 792-93 (1987) (emphasis added).
In this regard, the appellate court steps into the trial court's position, reviews the same trial record, and redecides the issue. Because the appellate court's determination of "whether the trial record indicates that Petitioner's application for relief made such a showing of a colorable claim as to require a hearing before the lower court" is a question of law, the trial court's decision is reviewed de novo. See United States v. Burrows, 872 F.2d 915 (9th Cir. 1989) (denial of a post-conviction motion based on ineffective assistance of counsel without conducting an evidentiary hearing is reviewed de novo for a determination of whether the files and records of the case conclusively show that petitioner is entitled to no relief). Therefore, we hold that the issue whether the trial court erred in denying a Rule 40 petition without a hearing based on no showing of a colorable claim is reviewed de novo; thus, the right/wrong standard of review is applicable.
Dan v. State, 76 Hawai`i 423, 427, 879 P.2d 528, 532 (1994). Barnett, 91 Hawai`i at 26, 979 P.2d at 1052 (brackets and ellipsis omitted; emphasis in original).
1. Claims of ineffective assistance of trial counsel were previously ruled upon in Penaflor's First Petition. HRPP Rule 40(a)(3). Penaflor failed to prove the existence of extraordinary circumstance to justify why he failed to raise the additional claims of ineffective assistance of counsel in his First Petition. Therefore, his ineffective assistance of counsel claims were waived. HRPP Rule 40(a)(3).
2. Penaflor failed to prove the existence of extraordinary circumstances to justify why he failed to raise his due process and right to a fair trial claims, upon which his ineffective assistance of appellate counsel was based in his First Petition. Therefore, these claims were waived. HRPP Rule 40(a)(3). In addition, the arguments made in support of these claims are being made for the first time on appeal. Therefore, these points of error will be disregarded. "In general, `failure to raise or properly reserve issues at the trial level [will] be deemed waived.'" Enoka v. AIG Hawai`i Ins. Co., 109 Hawai`i 537, 546, 128 P.3d 850, 859 (2006) (internal quotation marks and citation omitted).
3. Penaflor's claims of prosecutorial misconduct in the examination of the complainants, "vouching" for a government witness, denial of his constitutional rights, "over-charging," arguing he lacked remorse at sentencing, and asking for extended term sentencing were also waived as they were not raised in his direct appeal or his First Petition.
4. Similarly, Penaflor's claims of trial court error in allowing perjured testimony, biased jury members, compulsion of Penaflor's testimony, and the use of videotape recording of the trial proceedings were waived as they were not raised in his direct appeal or in his First Petition.
5. Penaflor's reliance on federal authority requiring a jury determination of every fact necessary to the imposition of an enhanced sentence is unavailing. Penaflor was not sentenced to an extended term. Penaflor's consecutive sentence was not illegal. HRS § 706-668.5 (1983). In any event, Penaflor's claim of an illegal sentence was also ruled upon in his direct appeal in Appeal No. 15629 and in the denial of his HRPP Rule 35 motion, which was affirmed on appeal.
6. The circuit court did not abuse its discretion in denying Penaflor's request for appointment of counsel to assist in the Second Petition. Penaflor does not cite, nor does this court find, authority for the proposition that appointment of counsel to assist in the preparation of a HRPP Rule 40 petition is required. In light of our conclusion that all of the claims Penaflor identified in his Second Petition were either previously ruled upon or were waived, we conclude that the circuit court did not abuse its discretion when it denied Penaflor's request for appointment of counsel.
All claims raised by Penaflor in his Second Petition have either been waived or previously ruled upon. As such, he has failed to present a colorable claim to the circuit court.
Therefore, we conclude that the circuit court committed no error in denying his Second Petition without a hearing.
Therefore,
IT IS HEREBY ORDERED that the Findings of Fact, Conclusions of Law, and Judgment Denying Rule 40 Petition for Post-Conviction Relief, filed on April 17, 2007, in the Circuit Court of the Second Circuit is affirmed.
NOTES
[1] The Honorable Shackley F. Raffetto presided, unless otherwise noted.
[2] The Honorable Boyd P. Mossman presided at trial.
[3] The Honorable Boyd P. Mossman presided over the First Petition.
[4] Penaflor was later assisted by attorneys during the proceedings conducted by the circuit court.
[5] Penaflor claimed the method and basis for imposition of his consecutive terms were flawed.