**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 9 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-56288 |
| Plaintiff-Appellee, | D.C. Nos.   2:14-cv-04000-RSWL |
| v. | 2:05-cr-00920-RSWL-4 |
| LARRY JORDAN, AKA Big Al, AKA Al Jordan, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Submitted August 7, 2018[**]
Pasadena, California

Before:  McKEOWN, CALLAHAN, and NGUYEN, Circuit Judges.

Larry Jordan appeals the district court's denial of his 28 U.S.C. § 2255

petition to vacate and set aside his conviction and sentence for conspiracy to rob an

armored truck.  We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253 and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm.[1]

1.  Jordan contends that he was coerced into pleading guilty because his appointed counsel was ineffective by: (1) failing to withdraw after his request for real-time reporting of trial was denied; and (2) failing to adequately investigate and prepare for the possible cross-examination of Jordan's co-defendant. *See Missouri v. Frye*, 566 U.S. 134, 140–42 (2012); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Upon a de novo review of the record, *United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir. 2003), we conclude that counsel's actions were not deficient.[2]

First, counsel was not ineffective in failing to withdraw after his motion for real-time reporting was denied. Counsel was provided accommodations for his hearing deficiency specifically for trial. The district court made clear to counsel that "further accommodation[s]" were available and he should "let [the court] know" if he was having any trouble following the proceedings. Indeed, the court's accommodations proved sufficient; the only time counsel had any difficulty, he objected and the answer was repeated. Under these circumstances, there was no reason for counsel to withdraw.

Second, counsel's approach to investigating Jordan's co-defendant was

---

[1] As the parties are familiar with the facts and procedural history, we restate them only as necessary to explain our decision.

[2] We therefore need not and do not reach *Strickland*'s prejudice prong. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

reasonable. Jordan maintained for the first three years of his case that he had not been present during the robbery, despite the robbers having used his van as a getaway vehicle. Under Jordan's version of events, on which counsel was permitted to rely, there was no reason for counsel to thoroughly investigate what had happened at the scene. *See Bean v. Calderon*, 163 F.3d 1073, 1082 (9th Cir. 1998) (holding that counsel's failure to further investigate one line of defense was not deficient "[i]n light of [his client's] assertion . . . that he had not been at the [crime scene] at the time of the crimes"). We accord deference to counsel's decision to focus on developing other aspects of the defense and find that decision reasonable here. *See Strickland*, 466 U.S. at 687–90.

2.　Jordan argues that the district court erred in failing to hold an evidentiary hearing on his petition. The district court did not abuse its discretion because "the files and records of the case conclusively show that [Jordan] is entitled to no relief." 28 U.S.C. § 2255(b); *Rodrigues*, 347 F.3d at 823. The relevant interactions occurred on the record, before the same district court that denied Jordan's petition. *See Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989) ("[J]udges may use their own notes and recollections . . . to supplement the record."); *cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989) (remanding for evidentiary hearing where the petitioner's claims "raise[d] facts which occurred out of the courtroom and off the record"). The district court had

the relevant, material facts from the criminal record and the supplemental documents submitted in the § 2255 proceeding. *See Shah*, 878 F.2d at 1159 ("[R]ather than conduct a hearing, courts may use discovery or documentary evidence to expand the record."); *cf. United States v. Howard*, 381 F.3d 873, 880–81 (9th Cir. 2004) (remanding for evidentiary hearing where key facts were not in record). Therefore, the district court did not abuse its discretion in deciding that an evidentiary hearing was not necessary.

**AFFIRMED.**